**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAYON PAYNE,
    Plaintiff,
V.                                    Case No. _____

JERMAINE CARLOS DIAZ,
ERIC LARUE,
THE LARUE FIRM, PLLC,
ANDREW IRVIN,
PAUL IRVIN,
AND IRVIN & IRVIN PLLC,
    Defendants.
_____/


**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This case arises from a deliberate and coordinated scheme by Defendant Jermaine Carlos Diaz, with the assistance of Defendant Eric LaRue, Irvin & Irvin PLLC, and their attorneys, Paul and Andrew Irvin, to obstruct justice and evade accountability. The Defendants' misuse of proxy filings, VPNs, and unauthorized motions reflects a calculated strategy to frustrate Plaintiff Rayon Payne's lawful enforcement of a judgment entered in his favor in 2019.

2. The judgment arose from a defamation lawsuit filed by Diaz against Plaintiff in the Ninth Judicial Circuit case # 2019-CA-8025. Represented by Defendant LaRue, Diaz sought to silence Plaintiff for exposing verifiable and truthful information. That lawsuit culminated in **summary judgment in Plaintiff's favor** in 2022, with the court unequivocally affirming the truthfulness of Plaintiff's statements. Instead of complying with the

1

judgment, Diaz engaged in a campaign of obstruction, aided by LaRue and later by Irvin & Irvin PLLC.

3. Key to this obstruction is the use of **proxy filings and VPNs** to conceal the true origin of court submissions. After withdrawing as Diaz's attorney in 2020, LaRue continued to file motions in the 2019 case under the guise of pro se representation. Metadata from the Florida ePortal confirmed that LaRue authored, edited, and submitted these motions, using VPNs to mask his identity. Diaz's filings became increasingly sophisticated and clearly the work of experienced attorneys, despite being presented as his own.

4. In 2025, the obstruction escalated when Plaintiff sought to subpoena records from AT&T and Spectrum to uncover the proxy filings and enforce the judgment. LaRue filed a motion to quash the subpoenas without standing, further delaying Plaintiff's enforcement efforts. Correspondence with AT&T revealed that Irvin & Irvin PLLC facilitated this obstruction, introducing them as active participants in Diaz's campaign to frustrate justice.

5. The misuse of VPNs, unauthorized filings, and strategic objections reveals a deeply coordinated effort by Diaz and his co-defendants to undermine lawful judicial processes. These tactics have delayed Plaintiff's recovery, imposed significant costs, and necessitated this federal action.

6. Plaintiff brings this case in federal court to ensure accountability and to put an end to the systemic abuse of judicial processes that Defendants have exploited in state court through proxy filings and other deceptive practices. The heightened oversight and enforcement mechanisms of the federal judiciary are essential to address and prevent further obstruction, protect Plaintiff's rights, and uphold the integrity of the legal system.

**JURISDICTION AND VENUE**

7. **Subject Matter Jurisdiction**:

This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

   a. Plaintiff Rayon Payne is a citizen of Florida.

   b. Defendant Jermaine Carlos Diaz is a citizen of Texas.

   c. Defendants Eric LaRue, The LaRue Firm, PLLC, Paul Irvin, Andrew Irvin, and Irvin & Irvin PLLC are citizens of Florida.

8. **Supplemental Jurisdiction**:

To the extent that certain claims arise under state law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

9. **Personal Jurisdiction**:

This Court has personal jurisdiction over all Defendants because:

   a. Defendant Diaz purposefully directed his obstructive conduct toward Florida, including proxy filings and unauthorized submissions in cases within the jurisdiction of Florida courts.

   b. Defendants LaRue, The LaRue Firm, and Irvin & Irvin PLLC, as well as Paul and Andrew Irvin, engaged in obstructive actions, including filing motions and contacting third parties, in connection with Florida court proceedings and Plaintiff's judgment enforcement efforts in Florida.

10. **Venue**:

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of

**COMPLAINT PAGE - 3**

the events or omissions giving rise to Plaintiff's claims occurred within this judicial district. Specifically:

   a. The 2019 case in which Plaintiff obtained the judgment against Diaz was litigated in Florida.

   b. Defendants filed motions and engaged in obstructive conduct in connection with proceedings in Florida courts.

   c. Plaintiff has suffered harm, including delays in judgment enforcement and increased costs, within this district.

11. **Rationale for Federal Court**:

Plaintiff brings this action in federal court to address systemic abuse of judicial processes that has rendered state court remedies inadequate. The use of proxy filings, VPNs, and deceptive practices requires the heightened oversight and enforcement mechanisms of the federal judiciary to ensure that Plaintiff's rights are protected and justice is achieved.

**PARTIES**

12. **Plaintiff Rayon Payne**

   a. Plaintiff Rayon Payne is a resident of Orlando, Florida. He is the judgment creditor in a 2019 civil judgment entered in his favor against Defendant Jermaine Carlos Diaz.

   b. Plaintiff has suffered significant harm as a result of Defendants' coordinated efforts to obstruct the enforcement of this judgment, including reputational damage, financial losses, and delays in recovering the judgment.

4

13. **Defendant Jermaine Carlos Diaz**

   a. Defendant Jermaine Carlos Diaz is a resident of Texas and a lifetime registered sex offender.

   b. Diaz initiated a baseless defamation lawsuit against Plaintiff in 2019, which resulted in summary judgment in Plaintiff's favor.

   c. Following the judgment, Diaz has engaged in a pattern of misconduct, including filing frivolous motions, making proxy filings using VPNs, and submitting baseless protective orders in an effort to obstruct Plaintiff's enforcement of the judgment.

14. **Defendant Eric LaRue**

   a. Defendant Eric LaRue is an attorney licensed in Florida and the principal of The LaRue Firm, PLLC.

   b. LaRue represented Diaz in the 2019 defamation case until withdrawing as counsel on June 10, 2020.

   c. Despite his withdrawal, LaRue continued to file motions on behalf of Diaz using proxy filings and VPNs, as revealed through metadata from the Florida ePortal. LaRue also filed a motion to quash subpoenas to third parties in 2025, without standing, in furtherance of Diaz's scheme.

15. **Defendant The LaRue Firm, PLLC**

   a. The LaRue Firm, PLLC is a Florida-based law firm owned and operated by Defendant Eric LaRue.

   b. The firm facilitated LaRue's unauthorized and obstructive actions, including filings designed to frustrate the enforcement of Plaintiff's judgment.

5

16. **Defendant Andrew Irvin**

   a. Defendant Andrew Irvin is an attorney licensed in Florida and a principal at Irvin & Irvin PLLC.

   b. Irvin assisted in obstructing lawful discovery efforts by communicating with third parties, including AT&T, to prevent compliance with Plaintiff's subpoenas.

17. **Defendant Paul Irvin**

   a. Defendant Paul Irvin is an attorney licensed in Florida and a principal at Irvin & Irvin PLLC.

   b. Alongside Andrew Irvin, Paul Irvin participated in the obstruction of Plaintiff's judgment enforcement efforts through improper communications and filings.

18. **Defendant Irvin & Irvin PLLC**

   a. Irvin & Irvin PLLC is a Florida-based law firm owned and operated by Defendants Andrew and Paul Irvin.

   b. The firm facilitated its principals' participation in obstructive actions, including unauthorized filings and communications with third parties, to prevent Plaintiff from enforcing his lawful judgment.

**FACTUAL BACKGROUND**

19. **The 2019 Defamation Case and Judgment**:

   a. In 2019, Defendant Jermaine Carlos Diaz, represented by Defendant Eric LaRue, filed a defamation lawsuit against Plaintiff Rayon Payne. This lawsuit stemmed from Plaintiff's truthful and constitutionally protected statements exposing Diaz's criminal history as a lifetime registered sex offender and child trafficker.

6

b. The lawsuit was resolved in Plaintiff's favor via **summary judgment** in 2022. The court awarded Plaintiff $51,728.30, finding that Plaintiff's statements were accurate and protected by the First Amendment. See **Exhibit 1 (Final Judgment)**.

c. Despite the judgment, Diaz refused to satisfy his monetary obligations, initiating a campaign of obstruction and retaliation.

20. **LaRue's Proxy Filings and Unauthorized Actions**:

a. After withdrawing as Diaz's attorney on June 10, 2020, LaRue improperly filed motions on Diaz's behalf. These motions were submitted using VPNs, concealing the origin of the filings. See **Exhibit 2 (Proxy Filing Metadata)**.

b. Plaintiff only became aware of these proxy filings in December 2024, when he filed a motion for supplemental judicial inquiry on December 20, 2024, to gather information necessary to enforce the 2019 judgment.

c. Through documents obtained from the Florida ePortal during the supplemental inquiry, Plaintiff discovered proxy filings dating back to 2020. Metadata revealed that these motions were authored, edited, and submitted by Defendant LaRue, despite his official withdrawal from the case.

21. **Defendant Diaz's Frivolous Protective Order**:

a. In 2025, Diaz filed a baseless protective order in Texas, claiming harassment and defamation based solely on Plaintiff's Instagram posts. Diaz falsely checked boxes alleging Plaintiff was convicted of sex trafficking and indecent exposure, despite having no factual or legal basis for such claims. See **Exhibit 3 (Diaz Protective Order)**.

7

b. The protective order failed to allege harm or threats, clearly demonstrating that its purpose was to obstruct Plaintiff's ability to enforce the judgment.

22. **Irvin & Irvin's and LaRue's Third-Party Obstructions**:

a. When Plaintiff sought subpoenas for records from AT&T and Spectrum to uncover proxy filings, LaRue filed a motion to quash without standing, obstructing the enforcement process. See **Exhibit 4 (Motion to Quash Subpoenas)**.

b. Correspondence with AT&T revealed that Irvin & Irvin PLLC facilitated this obstruction in concert with LaRue, further hindering Plaintiff's discovery efforts. See **Exhibit 5 (Irvin and LaRue Correspondence with AT&T)**.

23. **Defendant Diaz's December 17, 2025 Proxy Filing and Obstruction**:

a. On December 17, 2025, Diaz filed an objection in the Navy Federal case in Florida, attempting to block Plaintiff's subpoenas for records from the Florida ePortal and MyClerk systems. See **Exhibit 7 (Diaz's Objection in Navy Federal Case)**.

b. On the same day, Diaz appeared in Texas criminal court for failure to register as a sex offender, confirming he could not have filed the objection personally, further supporting the use of proxy filings. See **Exhibit 8 (Evidence of Diaz's December 17, 2025 Criminal Court Appearance)**.

24. **Defamatory Statements to Judicial Officers**:

a. In March 2024, Diaz sent an email to a judicial assistant falsely accusing Plaintiff of mental illness, constituting defamation per se. See **Exhibit 6 (Diaz's Email to Judicial Assistant)**.

8

25. **Impact of Defendants' Conduct**:

    a.  As a result of Defendants' actions, Plaintiff has faced significant delays in enforcing the judgment, reputational harm, and unnecessary legal costs. The pattern of obstruction demonstrates a coordinated scheme involving proxy filings, baseless motions, and unauthorized actions by all defendants to frustrate Plaintiff's lawful enforcement efforts.

## CAUSE OF ACTION WITH DISCOVERY RULE

### 1. ABUSE OF PROCESS

26. **Plaintiff** realleges and incorporates by reference the allegations contained in Paragraphs 1 through 25 of the Factual Background as if fully set forth herein.

27. **Defendants**: Jermaine Carlos Diaz, Eric LaRue, The LaRue Firm PLLC, Andrew Irvin, Paul Irvin, and Irvin & Irvin PLLC.

28. **Allegation**: Defendants willfully misused legal processes, including frivolous filings, protective orders, and motions to quash, to obstruct Plaintiff's lawful enforcement of the judgment.

29. **Discovery Rule**: Plaintiff discovered the misuse of process, including proxy filings and baseless motions, in December 2024 during a supplemental judicial inquiry. The discovery rule applies to toll the statute of limitations for this claim.

30. **Exhibits**: 2, 3, 4, 5, 7, 8.

### 2. CIVIL CONSPIRACY

31. **Plaintiff** realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30 of the Factual Background as if fully set forth herein.

9

32. **Defendants**: Jermaine Carlos Diaz, Eric LaRue, The LaRue Firm PLLC, Andrew Irvin, Paul Irvin, and Irvin & Irvin PLLC.

33. **Allegation**: Defendants acted in concert to engage in a coordinated scheme to obstruct Plaintiff's judgment enforcement and harm Plaintiff's rights.

34. **Discovery Rule**: Plaintiff only became aware of Defendants' coordinated actions in December 2024 through metadata obtained during a supplemental judicial inquiry. These actions, concealed by VPNs and proxy filings, delayed Plaintiff's discovery of the conspiracy.

35. **Exhibits**: 2, 3, 4, 5, 7, 8.

### 3. PER SE DEFAMATION

36. **Plaintiff** realleges and incorporates by reference the allegations contained in Paragraphs 1 through 35 of the Factual Background as if fully set forth herein.

37. **Defendant**: Jermaine Carlos Diaz.

38. **Allegation**: Diaz knowingly made false and defamatory statements that damaged Plaintiff's reputation, including accusations of mental illness and criminal conduct.

39. **Discovery Rule**: Not applicable here, as the defamatory statements (email and protective order) occurred within the statutory period and were known to Plaintiff at the time of filing.

40. **Exhibits**: 3, 6.

10

## 4. FRAUD UPON THE COURT

41. **Plaintiff** realleges and incorporates by reference the allegations contained in Paragraphs 1 through 40 of the Factual Background as if fully set forth herein.

42. **Defendants**: Eric LaRue, The LaRue Firm PLLC, Andrew Irvin, Paul Irvin, and Irvin & Irvin PLLC.

43. **Allegation**: Defendants engaged in fraudulent behavior by filing unauthorized motions and concealing their actions through proxy filings and deceptive communications.

44. **Discovery Rule**: Plaintiff only became aware of LaRue's fraudulent filings in December 2024 through metadata obtained during the Florida ePortal inquiry. The discovery rule applies to toll the statute of limitations for this claim.

45. **Exhibits**: 2, 4, 5.

## 5. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

46. **Plaintiff** realleges and incorporates by reference the allegations contained in Paragraphs 1 through 45 of the Factual Background as if fully set forth herein.

47. **Defendants**: Eric LaRue, The LaRue Firm PLLC, Andrew Irvin, Paul Irvin, and Irvin & Irvin PLLC.

48. **Allegation**: Defendants interfered with Plaintiff's business relationships by obstructing subpoenas to AT&T and Spectrum, preventing compliance and damaging Plaintiff's ability to enforce the judgment.

49. **Discovery Rule**: Plaintiff became aware of this interference and obstruction only after receiving information from Florida eportal in December 2024, which revealed unauthorized filings and communications by Defendants.

50. **Exhibits**: 4, 5.

## 6. NEGLIGENT SUPERVISION
### (Against The LaRue Firm PLLC and Irvin & Irvin PLLC)

51. **Plaintiff** realleges and incorporates by reference the allegations contained in Paragraphs 1 through 50 of the Factual Background as if fully set forth herein.

52. **Defendants:** The LaRue Firm, PLLC, and Irvin & Irvin, PLLC, owed a duty to adequately supervise their respective attorneys, Eric LaRue, Andrew Irvin, and Paul Irvin, to ensure compliance with ethical rules and professional conduct standards.

53. The LaRue Firm, PLLC breached its duty by failing to supervise Eric LaRue, who:

   a. Engaged in unauthorized proxy filings on behalf of Defendant Diaz in 2020, after withdrawing from representation, as evidenced by metadata from the Florida ePortal (Exhibit 2);

   b. Filed a baseless motion to quash a subpoena to AT&T, obstructing Plaintiff's judgment enforcement efforts, while having no standing to do so (Exhibit 3).

54. Irvin & Irvin, PLLC failed to supervise Andrew Irvin and Paul Irvin, who:

   a. Participated in obstructive communications with AT&T, directing the company not to comply with lawful subpoenas issued by Plaintiff (Exhibit 5);

   b. Contributed to interference with Plaintiff's efforts to enforce a judgment through unauthorized and unethical behavior.

55. The negligent supervision by The LaRue Firm, PLLC, and Irvin & Irvin, PLLC enabled and encouraged the actions of their attorneys, resulting in:

   a. Delays in Plaintiff's ability to enforce the judgment;

   b. Additional legal expenses incurred by Plaintiff; and

   c. Harm to Plaintiff's ability to exercise his rights under the law.

56. As a direct and proximate result of the negligent supervision by The LaRue Firm, PLLC, and Irvin & Irvin, PLLC, Plaintiff has suffered substantial damages, including but not limited to monetary losses, additional legal fees, and reputational harm.

57. **Discovery Rule**: Plaintiff became aware of this interference and obstruction only after receiving information from Florida eportal in December 2024, which revealed unauthorized filings and communications by Defendants.

**PRESERVATION OF EVIDENCE**

58. Plaintiff hereby notifies Defendants of their legal obligation to preserve all documents, communications, electronically stored information (ESI), and other materials relevant to this lawsuit, including but not limited to:

   a. Emails, text messages, and other electronic communications;

   b. Metadata associated with electronic filings and proxy submissions;

   c. Physical and digital correspondence with third parties, such as AT&T, Spectrum, and other entities; and

   d. Court filings, motions, objections, and all other materials connected to the allegations herein.

59. Defendants are expressly prohibited from deleting, modifying, or destroying any such evidence and are required to take immediate steps to preserve relevant information.

60. Plaintiff reserves the right to seek sanctions or other remedies for any failure to comply with this preservation obligation, including monetary penalties, adverse inferences, or other appropriate measures.

**COMPLAINT PAGE - 13**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

61. **Compensatory Damages**:

    a.  Against Defendant Jermaine Carlos Diaz: **$226,700.30** for his actions, including defamation, obstruction, and proxy filings.

    b.  Against Defendant Eric LaRue: **$150,000** for unauthorized filings, obstruction, and proxy-related actions.

    c.  Against The LaRue Firm, PLLC: **$75,000** for negligent supervision and enabling LaRue's actions.

    d.  Against Andrew Irvin, Paul Irvin, and Irvin & Irvin PLLC: **$150,000** collectively for their participation in obstructive communications and filings.

62. **Punitive Damages**:

    a.  Against all defendants, jointly and severally, for their willful and malicious conduct: **$400,000**.

63. **Injunctive Relief**:

    a.  Prohibit all defendants from obstructing Plaintiff's enforcement of the 2019 judgment, including proxy filings, baseless objections, or third-party interference.

    b.  Require Defendant Diaz to file a certificate of service with all filings, affirming that no VPNs or proxy accounts were used.

    c.  Require Defendants LaRue, The LaRue Firm, Andrew Irvin, Paul Irvin, and Irvin & Irvin PLLC to disclose all third-party contacts, communications, and obstructive filings.

14

64. **Sanctions for Violations**:

    a.  Impose sanctions, including monetary fines or other appropriate remedies, for any violations of the Court's orders.

65. **Other Relief**:

    a.  Any other relief this Court deems just and proper.


**DEMAND FOR JURY TRIAL**

Dated:    01/ 24/ 2025

Respectfully submitted,
RAYON PAYNE, PRO SE

_____

4837 Normandy Pl
Orlando Florida 32811
Tel: 863-485-0550
Email: kekomardi@gmail.com

**COMPLAINT PAGE - 15**