# EXHIBIT(1)

13

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,
     Plaintiff/Counter-defendant,

V.                               CASE NO: 2019-CA-008025-O

RAYON SHERWIN PAYNE,
     Defendant/Counterclaimant.
_____/

## FINAL JUDGMENT IN FAVOR OF DEFENDANT, RAYON SHERWIN PAYNE

**THIS MATTER** came before the Court on Defendant's "Motion for Final Judgment," filed August 19, 2022, and heard on August 26, 2022. The Court, having considered the Motion, case law, and Defendant's arguments from the hearing, finds as follows:

In the Court's July 22, 2022, "Order Granting Defendant's Motion for Civil Contempt/Enforcement," the Court again ordered Plaintiff to comply with the previously entered "Uniform Order Setting Case for Jury Trial; Pre-Trial Conference and Requiring Pretrial Matters to be Completed," and noted that if Plaintiff failed to comply with the Order, then the case would continue for a determination of the amount of Defendant's unliquidated damages. Plaintiff had 15 days from the date of the rendition of the order to comply; to date, Plaintiff has not responded to the order or attempted to comply. Accordingly, as the Court noted in the prior order, there is nothing left for the Court to do but determine Defendant's unliquidated damages and enter final judgment in Defendant's favor.

Defendant alleges that he is entitled to $621,048 in unliquidated damages, as well as court costs in the amount of $1,728.30, for a total of $622,776.30. The Court agrees that Defendant is entitled to the court costs and awards Defendant $1,728.30. As to his unliquidated damages, the Court notes that Plaintiff was given ample notice and opportunity to be heard before it imposed the

1

**COMPLAINT PAGE - 17**

sanction of determining Defendant's unliquidated damages, yet Plaintiff continually declined to participate in the litigation. *See Ciotti v. Hubsch*, 302 So. 3d 497, 500 (Fla. 5th DCA 2020). Having reviewed the pleadings and Defendant's other filings, the Court determines that Defendant shall be awarded damages in the amount of $50,000. The Court recognizes that this is substantially lower than the amount to which Defendant argues he is entitled, but there is little support in the record for the amount Defendant proposed. The support that Defendant did include is largely speculative and difficult to ascertain.

To the extent that Defendant requests attorney's fees, that request is denied. Defendant has appeared *pro se* for the entirety of this suit and is not entitled to attorney's fees. *See Torruella v. Nationstar Mort., LLC*, 308 So. 3d 674, 675 (Fla. 5th DCA 2020) ("Florida follows the American Rule, which provides that litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contact.").

Accordingly, the following is hereby **ORDERED AND ADJUDGED:**

1. Final judgment in this cause is **hereby entered in favor of the Defendant, Rayon Sherwin Payne.** The Plaintiff, Jermaine Carlos Diaz, shall take nothing by this action against the Defendant, and the Defendant shall go hence without day.

2. Defendant is awarded a final judgment of $51,728.30; this includes $50,000 in unliquidated damages and $1,728.30 in court costs. Defendant is not entitled to attorney's fees.

2

**COMPLAINT PAGE - 18**

3. Plaintiff has 30 days in which to appeal this final judgment.

**DONE AND ORDERED** in Chambers, at Orlando, Orange County, Florida, on this ___12___ day of ___October___, 2022.

_Reginald K. Whitehead (signature)_
_____
**REGINALD K. WHITEHEAD**
**Circuit Judge**

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on ___October 12th___, 2022, a true and accurate copy of the foregoing was e-filed using the Court's ECF filing system, which will send notice to all parties of record.

_R. Edwards (signature)_
_____
Judicial Assistant

3

**COMPLAINT PAGE - 19**