# EXHIBIT(3)

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Filed
12/20/2024 4:30 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Xenia Carbajal

CAUSE NO: **24-DCV-324398**

| | | |
|---|---|---|
| JERMAINE CARLOS DIAZ | § | IN THE COUNTY |
| APPLICANT | § | |
| VS. | § | |
| | § | |
| RAYON SHERWIN PAYNE | § | OF FORT BEND Fort Bend County - 387th Judicial District Cou |
| RESPONDENT | § | COUNTY, TEXAS |

# Application for Protective Order

## 1. Parties:

Jermaine Carlos Diaz

**Applicant**

Fort Bend

County of Residence

☐ *Mark this box if you are completing and filing this application on behalf of the Applicant.*

Name of Person Filing the Application

Title of Person Filing the Application

Rayon Sherwin Payne

**Respondent**

Respondent's address for service: ███████████████████████

## 2. Reason(s) for Protective Order: *(Mark all that apply)*

☐ The Respondent committed family violence, dating violence, or child abuse.

☑ The Respondent committed sexual assault or abuse, indecent assault, indecency with a child, compelling prostitution, stalking, or trafficking.

☐ The Respondent violated a Protective Order that was active at the time of the violation but has since expired or will expire in 30 days or less. A copy of the Order is *(Mark one)*

☐ attached. ☐ not available now but will be filed before the hearing set for this Application.

## 3. Describe Applicant's Relationship to the Respondent: (Mark all that apply)

☐ Current or former spouses
☐ Current or former dating partners
☐ Are or were members of the same family or household
☐ Parents of the same child(ren)
☐ Relatives

☐ Parent or child of the Respondent
☐ Foster child or foster parent of the Respondent
☐ Applicant is dating or married to Respondent's current or former spouse or dating partner
☑ No relationship

Page 1 of 14

**COMPLAINT PAGE - 44**

**4. Children Under Age 18 Who Need Protection:**

| | Name | Is Respondent the parent or guardian |
|---|---|---|
| a. | ███████████████ | ☐ Yes ☑ No |
| b. | | ☐ Yes ☐ No |
| c. | | ☐ Yes ☐ No |
| d. | | ☐ Yes ☐ No |

Mark all that apply:

☐ Other children are listed on a sheet attached to this Application.

☑ The children are or were members of the Applicant's family or household.

☐ The children have a court order that affects how and when they can visit their family or sets child support.

**5. Other Adults:** The Applicant requests protection for the following adults who are or were: members of the Applicant's family or household; or in a marital or dating relationship with the Applicant.

| | Name |
|---|---|
| a. | Haley Strouf |
| b. | Krista Kent |

**6. Other Court Cases (other than criminal cases):** Are there other court cases involving the Applicant, Respondent, or children?

☑ Yes ☐ No

(a) If "Yes," what kind of case and is the case active or complete?

Two (2) civil lawsuits

(b) If "complete," (*Mark all that apply*): ☐ A copy of the final order of the other case is attached.
☐ A copy of the final order of the other case will be filed before the hearing on this Application.

(c) If the Texas Office of the Attorney General Child Support Division has been involved with a child support case: list the OAG case number for each open case, if known. Case Number: _____

**7. Family Violence or Other Criminal Case(s):** Has the Respondent ever been convicted of or placed on deferred adjudication community supervision for any crime under Title 5 or Title 6 of the Texas Penal Code? (See list of crimes at the end of the Instruction document)

☐ Yes ☐ No ☑ Unknown

If "Yes," what kind of crime:

**COMPLAINT PAGE - 45**

If the Respondent was convicted or placed on community supervision for a Title 5 crime, did the Court make a finding that the crime involved family violence?

☐ Yes ☐ No ☑ Unknown

Was the crime against a child listed in this application?

☐ Yes ☐ No ☑ Unknown

Have the Respondent's parental rights to a child listed in this application been terminated?

☐ Yes ☑ No ☐ Unknown

If Respondent's parental rights have been terminated, has the Respondent contacted or attempted to contact the child?

☐ Yes ☑ No ☐ Unknown

**8. Terms and Conditions of the Protective Order – Mark all terms and conditions that the Applicant wants the Court to include in the Temporary Ex Parte Order, if the Applicant is requesting one, and the final Protective Order.**

**The Applicant asks the Court to order the Respondent:** *(Mark all that apply)*

a. ☑ Not to commit family violence.

b. ☑ Not to commit further acts of sexual assault or abuse, indecent assault, stalking, or trafficking.

c. ☑ Not to communicate a threat through any person to any person who is listed in this application as a person seeking protection or who is a member of the Applicant's family or household.

d. ☑ Not to communicate in a threatening or harassing manner with any person who is listed in this application as a person seeking protection or who is a member of the Applicant's family or household.

e. ☑ Not to communicate or attempt to communicate in any manner with *(Mark all that apply)*:

☑ Applicant ☑ children listed in this application ☑ other Adults listed in this application

except through Applicant's attorney or other person named by the Court, namely:
Except in writing and related to legal matters

Please explain why the court should prohibit direct communication from the Respondent:
Extended pattern of harassment as shown in the attached Declaration

(If necessary, attach sheet with additional information)

f. ☑ Not go within __300__ yards of the: *(Mark all that apply)*
☑ Applicant ☑ children listed in this application ☑ other Adults listed in this application

g. ☑ Not go to or within __300__ yards of the residence, workplace, or school of the: *(Mark all that apply)*
☑ Applicant ☑ children listed in this application ☑ other Adults listed in this application.
Residence: ███████████████████████
Workplace:
School: ████████████████████

**COMPLAINT PAGE - 46**

h. ☑ Not go to or within __300__ yards of the residence, child-care facility, or school of the children listed in this application, except as specifically authorized in a possession schedule or other order entered by the Court.

Residence: █████████████████████████

Child-care facilities:

School: █████████████████████████

i. ☑ Not to engage in conduct that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass any person who is listed in this application as a person seeking protection, or who is a member of the Applicant's family or household, including not tracking or monitoring the car or other property belonging to any person who is listed in this application as a person seeking protection, or who is a member of the Applicant's family or household, or by physically following or causing another to physically follow a person seeking protection or any member of the Applicant's family or household.

**The Applicant further asks the Court to:**

j. ☐ Suspend the Respondent's license to carry a handgun.*

k. ☑ Prohibit Respondent from possessing a firearm.*

l. ☑ Require the Respondent to complete a battering intervention and prevention program.

m. ☐ Prohibit the Respondent from taking, harming, threatening, or interfering with the care, custody, or control of the following pet, companion animal, or assistance animal: (describe the animal)

_____

n. ☑ Require the Respondent to do the following to prevent or reduce the likelihood of family violence or future harm to the Applicant or any person listed in this application as a person in need of protection.

1. Not contact, communicate with, or publicly reference the minor child, including any associated institutions

2. Not to publicly release or publish any documents referencing or listing a protective protected party without explicit court order

3. Mental health examination

*NOTE*: If the Respondent is a peace officer actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision, the court may not suspend the Respondent's license to carry a handgun or prohibit the Respondent from possessing a firearm.

**9. Property Orders:** (Complete this section **only** if the Applicant shares, owns, or leases a residence with the Respondent)

The Residence located at: _____

(Mark one): 
☐ is jointly owned or leased by the Applicant and Respondent.
☐ is solely owned or leased by the Applicant.
☐ is solely owned or leased by the Respondent; and the Respondent is obligated to support the Applicant or a child in the Applicant's possession.

**The Applicant asks the Court to make these orders about the residence:** (Mark all that apply)

☐ Grant the Applicant exclusive use of the residence identified above, and order the Respondent to vacate the residence and its premises.

**COMPLAINT PAGE - 47**

☐ Order a law enforcement officer: to go with the Applicant to the residence; to tell the Respondent that the Court has ordered the Respondent to vacate the residence; to provide protection to the Applicant while the Applicant takes possession of the residence or while the Respondent takes possession of the Respondent's personal property; and to arrest the Respondent if the Respondent refuses to leave in violation of the Order.

☐ Applicant requests exclusive use of the following property that the Applicant and Respondent jointly own or lease:

_____

_____ ;

☐ Order the Respondent not to damage, transfer, encumber, or otherwise dispose of any property jointly owned or leased by the parties, including removing or disabling any vehicle owned or possessed by the Applicant or jointly owned or possessed by the parties.

**10. ☐ Spousal Support Order** (Mark the box if the Applicant is married to the Respondent and would like spousal support)

**Applicant is married to the Respondent and requests the Court** to order the Respondent to pay spousal support.

**11. ☐ Rights to Mobile Phone Numbers, Associated Devices, and Accounts** (Mark the box if asking to separate or transfer the wireless telephone account)

The Applicant asks the Court to order that the wireless telephone numbers that are used primarily by the Applicant or a person listed in this application as a person in need of protection be separated from the Respondent's wireless telephone service account. The Applicant asks for sole use, possession, and control of the following wireless telephone numbers and associated mobile devices, including sole billing responsibility and sole ownership of the mobile devices and wireless telephone service account associated with the wireless telephone numbers.

The Applicant further asks the Court to order the Respondent to pay the costs associated with transferring the wireless service account to the Applicant and the outstanding balance on the account.

The following wireless telephone numbers and associated mobile devices are used by the Applicant or the children listed in this Application.

_____     ☐ my phone number     ☐ child's phone number

_____     ☐ my phone number     ☐ child's phone number

_____     ☐ my phone number     ☐ child's phone number

(Sheet may be attached for additional numbers)

The Applicant asks the Court to prohibit Respondent from closing, limiting access to, or otherwise tampering with the wireless telephone service account associated with aforementioned mobile phone numbers and associated mobile devices until this Court determines who is the primary user of the mobile phone numbers and devices. Applicant also asks the Court to order the Respondent's wireless telephone service provider not to disclosure the Applicant's or other persons in need of protection contact information to the Respondent, including any new telephone numbers assigned to the Applicant or other person in need of protection.

**COMPLAINT PAGE - 48**

**12.** ☐ **Orders Related to Removal, Possession, and Support of Children** (Mark the box if asking for the removal, possession, or support of the children)

The Applicant and the Respondent are the parents or guardians of the following children:

_____

_____

_____

**The Applicant asks the Court to enter the following orders with respect to the children**: *(Mark all that apply)*:

☐  The Respondent must not remove children from the Applicant's possession or from their child-care facility or school, except as specifically authorized in a possession schedule or other order entered by the Court.

☐  The Respondent must not remove the children from the jurisdiction of the Court.

☐  An order establishing or modifying a schedule for the Respondent's possession of the children, subject to any terms and conditions necessary for the safety of the Applicant or the children.

☐  An order requiring the Respondent to pay child support in an amount set by the Court.

**13.** ☑ **Temporary Ex Parte Order** (Mark the box if requesting a temporary ex parte order)

Based on the information in the attached Affidavit or Declaration, the Applicant asks the Court to find that there is a clear and present danger of family violence, sexual assault or abuse, indecent assault, stalking, trafficking, or other harm to Applicant and/or a member of the family or household and issue a Temporary Ex Parte Order immediately without bond, notice, or hearing.

**13a.** ☐ **Temporary Ex Parte Order That Also Requires Respondent to Vacate Residence Immediately** (Mark the box if you are requesting that the temporary ex parte order also exclude Respondent from the shared residence)

> **NOTE:** *IF YOU MARK 13a, YOU MUST APPEAR FOR A HEARING BEFORE THE COURT CAN EXCLUDE OR REMOVE THE RESPONDENT FROM A SHARED RESIDENCE.*

The Applicant lives with the Respondent at:   _____

_____

or resided there within the 30 days prior to the filing of this Application. The Respondent committed family violence against the Applicant, or a member of the family or household, as described in the Affidavit or Declaration attached, within 30 days prior to the filing of this Application. There is a clear and present danger that the Respondent is likely to commit family violence against the Applicant and/or a member of the family or household. The Applicant is available for a hearing to justify the issuance of an order excluding the Respondent from the residence. If the Court grants this request, the Applicant asks the Court to issue a Temporary Ex Parte Order that:

**COMPLAINT PAGE - 49**

- Grants the Applicant exclusive use and possession of the residence and orders the Respondent to vacate the residence immediately and remain at least 200 yards away from the residence pending further Order of the Court.
- Directs the sheriff, constable, or chief of police to provide a law enforcement officer to accompany the Applicant to the residence; to inform the Respondent that the Court has ordered the Respondent to vacate the residence; and to protect the Applicant while the Applicant takes possession of the residence, or while the Applicant takes possession of the Applicant's necessary personal property if the Respondent refuses to vacate the residence.

**14.** ☐ **Keep Information Confidential** (Mark the box if you want your information to remain confidential)

The Applicant requests the Court to exclude the following information from the protective order: the mailing address, county of residence, and telephone number of the Applicant and any person listed in this application as a person in need of protection; and the address and telephone number of a place of employment, business, child-care facility, or school, if any, of the Applicant and any person listed in this application as a person in need of protection. The Applicant further asks the Court to order the clerk of the court to strike the aforementioned information from the public records of the Court and keep a confidential record of the information for use only by the Court or law enforcement for the purpose of entering the information required by Section 411.042(b)(6), Government Code, into the statewide law enforcement information system maintained by the Texas Department of Public Safety.

**WARNING:** A copy of this application will be served on the Respondent and made available for public inspection. Marking Box No.14 means that you are asking the judge to remove your address and telephone numbers from the final order so the public cannot see this information. If you are requesting confidentiality, DO NOT INCLUDE personal information in this application or any other form related to your request.

If the Applicant is requesting confidentiality, provide the information requested below:

The Applicant asks the Court to designate the following person to receive on Applicant's behalf all notices and documents filed with the Court, if related to this Application:

Name: _____

Address: _____

**15. Citations and Notices**

The Applicant asks the Court to issue all citations and notices required by law for the application and any resultant order.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, the Applicant prays the Court issue the protective order as requested in this Application, and, if applicable, the Applicant further prays the Court issue a Temporary Ex Parte Order until a hearing can be held.

**COMPLAINT PAGE - 50**

☑        I have read the entire Application and it is true and correct to the best of my knowledge.

*/Jermaine Diaz*
_____
Applicant or Person filing on behalf of Applicant

Address and telephone number where Applicant or Person filing on behalf of Applicant may be contacted *(List another address/telephone if you want yours kept confidential)*:

_____

_____

**COMPLAINT PAGE - 51**

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**DECLARATION**

Use this form if you want your Date of Birth and Address to be public information (not confidential).

If you use the Declaration Form, a notary does not have to sign. Do NOT use the Affidavit form if you use this form.

County of  Fort Bend

State of Texas

My name is  Jermaine Carlos Diaz  ,
(First Middle Last)

my date of birth is  ████████  , and my address is

████████████████████████████

(Street)          (City)          (State)          (Zip Code)          (Country)

I declare under penalty of perjury that the foregoing is true and correct.
Executed in  Fort Bend  County, State of  Texas

day of  5  ,  December  (Month)  24  (Year).

_____ (Declarant Signature).

1.  My relationship with Respondent is:  None.

2.  Describe the most **recent time** the Respondent hurt or threatened to hurt you, including any conduct involving sexual assault, stalking, or trafficking:

The predatory stalking behavior by Respondent Rayon Payne is long term and goes over a period of 7+ years. Among other attacks, PAYNE has sent THOUSANDS of social media posts targeted at me to, weaponize my past from 25 years ago, with provable lies destroy my life- he admits that. NOW, PAYNE is targeting my 16 year old son and his future opportunities-including contacting university football teams recruiting me. He has also made social media posts, and after recently visiting our area, a tracker was found on my son's car. FBSO is involved.

a.  In what county did this happen?  Fort Bend County, Texas, or Orlando, Florida

b.  On what date did this happen?  _____  PERSISTENT, as as recent as 12/16

c.  Was a weapon involved?  ☐ Yes  ☑ No  If yes, what kind?

d.  Does Respondent possess or have access to firearms?  ☑ Yes  ☐ No

e.  Were any of the children present?  ☐ Yes  ☑ No  If yes, who?
My son has observed some of the social media posts, is well aware of Payne and precautions needed.

f.  Did anyone call the police?  ☑ Yes  ☐ No  If yes, what happened?
I have continued to email updates and contacted Detective Acosta (FBSO) regarding open investigation

g.  Were you injured?  ☑ Yes  ☐ No  If yes, describe your injuries:
Payne's relentless harassment has caused severe emotional and psychological harm to me and my family, particularly my teenage son. Payne's targeted actions, including target college recruiters and police there with defamatory posts—jeopardize his athletic and academic future, creating immense stress on my child and our family. PAYNE's behavior has disrupted our daily lives, destroyed sense of security, ruined our and caused unease and safety concerns. Additionally, PAYNE keeps escalating and court records show a long history of antisocial and abusive behavior. I have serious concerns for my son and our well being.

h.  Did you seek medical care?  ☐ Yes  ☑ No

**COMPLAINT PAGE - 52**

3. Has the Respondent threatened or hurt you *before*? ☑ Yes ☐ No
   If so, describe below how the Respondent threatened or hurt you, including date(s) if possible.
   No one is safe from PAYNE's relentless stalking and defamatory and malicious acts when in my life. Through phone calls, letters, and thousands of social media posts, PAYNE has targeted my family, friends, associates businesses I frequent, charities I support, my housing (resulting in two evictions), and my friend's guardianship case to help save her nieces. PAYNE has also targeted my godson and his school, and my mother's business matters, her housing, and even her church. PAYNE spreads lies about me, and then them, to punish me for a vendetta for a slight created in his mind. He has even targeted my mother's church.

   a. Were weapons ever involved? ☐ Yes ☑ No    If yes, what kind?

   b. Were the children present? ☑ Yes ☐ No    If yes, who?
      My son has seen many posts but we have largely shielded him. He was also aware PAYNE caused evictions.

   c. Did anyone report the conduct to the police? ☑ Yes ☐ No

   d. Were you injured? ☐ Yes ☐ No    If yes, describe your injuries:
      The harm is significant and I have been engaging with law enforcement to get help since 2020. I spoke to the District Attorney this week and Detective Acosta (FBSO) recommended charges previously, even before these new issues. Please see attached declaration, with select sample of the thousands of social media attached.

   e. Did you seek medical care? ☐ Yes ☑ No

4. Has the Respondent ever been convicted of family violence? ☐ Yes ☐ No  **X- Unknown to applicant**
   If yes, list when and in which county and state the conviction(s) occurred:
      Respondent has been accused of domestic violence by a number of women, with at least four women filing for domestic violence (or "repeat violence") injunctions or protective orders in Florida since the early 90s. The most recent restraining order record shown was granted in 2018 and rescinded in 2022.

5. Has the Respondent ever been convicted or placed on deferred adjudication community supervision for any of the following:

| | Yes | No | Unknown |
|---|---|---|---|
| Trafficking of Persons | ☐ | ☐ | ☑ |
| Continuous Trafficking of Persons | ☐ | ☐ | ☑ |
| Sexual Assault | ☑ | ☐ | ☐ |
| Indecent Assault | ☐ | ☐ | ☑ |
| Aggravated Sexual Assault | ☐ | ☐ | ☑ |
| Stalking | ☐ | ☐ | ☑ |
| Compelling Prostitution | ☐ | ☐ | ☑ |

   If yes, list when and in which county and state the conviction(s) occurred:
   2001- Sexual battery on a helpless victim (conviction overturned on appeal due to problem with juror)

6. Are you requesting exclusive possession of a residence and to have the Respondent excluded from the residence? ☐ Yes ☑ No
   a. What is the location of the residence? <u>N/A</u>
   b. Do you currently reside at the residence or have resided there within the last 30 days?
      ☐ Yes ☐ No
   c. Please describe the facts and circumstances that require the Respondent to be excluded from the residence:
      N/A

▶ *Jermaine Diaz*
Applicant signs here

PLEASE SEE ATTACHED DECLARATION

# ADDENDUM IN SUPPORT OF JERMAINE DIAZ'S
# REQUEST FOR STALKING PROTECTIVE ORDER

## 1. No Contact outside of peaceful contact via email for the purposes of court business

**Requested Relief:** Payne shall not contact me or my family or his business associates directly or indirectly through any medium.

**Supporting Behaviors:**

- Payne has tagged My son's high school coaches and recruiters on inflammatory social media posts.
- He has contacted My business associates, spreading defamatory claims to harm My reputation and business relationships.
- Payne has repeatedly contacted third parties, including schools and financial institutions, under the guise of judgment enforcement, harassing My and his family.
- Payne has made vague threats of escalating his harassment by involving law enforcement and pursuing frivolous legal actions.

## 2. Prohibition on Dissemination

**Requested Relief:** Payne shall remove all existing online content of any kind that under his control or established by him and cease all dissemination of information about the protected parties and family.

**Supporting Behaviors:**

- Payne has created false and inflammatory social media posts that defame My and his family, including his teenage son.
- Payne posted a fabricated letter to My son's school containing false accusations designed to damage the child's reputation.
- Payne uses public platforms to amplify defamatory narratives, targeting My criminal record from over 20 years ago with false allegations of ongoing criminal behavior.

1

Jermaine Carlos Diaz
Fort Bend Law Library

<b>COMPLAINT PAGE - 55</b>

- Payne falsely claimed that My made statements during a court hearing that he did not attend, spreading misinformation and attacking My credibility.

## 3. Limitations on Third-Party Interference

**Requested Relief:** Payne shall not contact any schools, universities recruiters, financial institutions, or other third parties or institutions regarding me or any protected party, without further order of a court.

**Supporting Behaviors:**

- Payne contacted My son's high school and college recruiters with the intent of sabotaging his future opportunities.
- Payne has contacted My mother's landlord in the past, leading to her eviction.
- Payne contacted financial institutions and creditors, spreading false claims, and interfering with My financial stability.
- Payne has sought to exploit third-party relationships under the guise of judgment enforcement but has instead used these contacts as a pretext for harassment.

## 4. Mandatory Counseling

**Requested Relief:** Require Payne to undergo a mental health evaluation and counseling for obsessive and harassing behaviors.

**Supporting Behaviors:**

- Payne's behavior has escalated over the years, including obsessive tagging, posting, and contacting individuals connected to My without legitimate cause.
- Payne exhibits patterns of manipulation, disregard for court orders, and fixation on My, indicating a potential mental health concern.
- Payne has shown signs of obsessive behavior, such as following My activities online and repeatedly targeting his family members.

2

## 5. Geographic Restrictions

**Requested Relief:** Payne shall not come within three hundred yards of me or any protected party and shall leave the area if he sees a protected party is present.

**Supporting Behaviors:**

- Payne has repeatedly claimed to be in Texas, including near my home (i.e., at Starbucks) and public locations, as part of his campaign of harassment.
- Payne posted pictures of vehicles and locations associated with me, creating fear and disruption.
- Payne has demonstrated a pattern of targeting My and his family, making geographic restrictions necessary to ensure their safety.

## 6. Monitoring and Reporting

**Requested Relief:** Require Payne to provide regular updates on his compliance with the protective order and subject him to court monitoring.

**Supporting Behaviors:**

- Payne's history of disregarding legal boundaries and escalating harassment demonstrates the need for oversight to ensure compliance.
- Payne's ongoing misuse of public platforms for defamatory purposes necessitates regular reporting to confirm he is adhering to the order.

**Behaviors Supporting an Emergency Protective Order**

- Targeting a minor (My son) with defamatory posts and contacting his school and recruiters, risking emotional harm and future opportunities.
- Harassing and contacting third parties, such as financial institutions and schools, with no legitimate purpose other than to cause harm.
- Amplifying false and inflammatory information about My, which has caused severe emotional distress to him and his family.
- Continuing to harass and defame My despite prior legal interventions and the passage of decades since the events Payne focuses on.

Jermaine Carlos Diaz
Fort Bend Law Library

# Declaration of Jermaine Diaz in Support of Stalking Protective Order

I, Jermaine Carlos Diaz, declare as follows:

1.      I am the Applicant in this matter, a resident of Fort Bend County, Texas. I reside at ███████████████████████████

2.      I am requesting an immediate emergency protective order against Respondent RAYON "KEKO" PAYNE based on a recent escalation in what has been **seven-plus years** of *relentless* campaign of constant **harassment and stalking**. That includes him sending **thousands** of malicious and defamatory social media posts about me and those around me to fulfill **his stated goal of destroying my life**.

3.      PAYNE, who I barely know, has a long history of criminal conduct, including 13 arrests and 23 charges (i.e., rape, fraud), and serious domestic violence allegations more recently. I have witnessed him continue that pattern, without charges, against me and others for more than 10 years, weaponizing my decades old past as a tool for his vendetta. As shown in the attached pictures, **PAYNE sees himself as a beast, a predator, everyone else prey**, but often poses as victim too.

4.      **Now PAYNE is preying on my child, a high school student-athlete/**

5.      PAYNE's depraved conduct includes targeting the top university programs recruiting my son, his coaches, posting his bank account to Instagram (to target me), as well as targeted social media content harming my son, and linking another child. These are just a few of the behaviors that concern professionals and me, including about PAYNE's mental health and stability.

6.      Detective ACOSTA (Fort Bend Sheriff's Office) referred PAYNE to the District Attorney for prosecution (#24-8770), and PAYNE escalates *during* the review.

**COMPLAINT PAGE - 58**

7. I spoke to the DA on Tuesday at length and after that conversation, I am asking for immediate and emergency intervention from this court because PAYNE does something new **every day.**

8. PAYNE's the rage, the seeming paranoia- worry me, and **stated desire to do harm**, while alternately posing as the victim, are distressing beyond measure.

9. **PAYNE's harassment has escalated to dangerous levels, and** I truly cannot finish this fast enough and PAYNE **everyday** keeps adding to the poor conduct that trying too accurately present[1].

10. Just last night **he posted about getting IP addresses for my family** and their travel, then makes *insane* allegations about fraud against by former attorneys not only to carry about a vendetta but also to cover his tracks for why he wants information. (Payne is currently suing five attorneys and has five open lawsuits).

11. PAYNE has already forced us to change how we live and interact with others, creating constant anxiety and robbing us a sense of security that he is going to **target anything good**. PAYNE has the IP addresses- my kid should not have to warn universities they might get a call. My son and family deserve to be free from predation.

12. It is clear that this stalking protective order is required to prevent irreparable harm- there is no other legal remedy for PAYNE's behavior- he has no money and is not afraid of getting sued, and he is emboldened by seeing how his harm is affecting us.

13. **I pray the Court grant immediate intervention** with strict restrictions, including on an emergency basis pending full review.

---

[1] (I apologize for any errors, have tried to use large headers because of length, and a shorter outline **addendum** is included too)

**COMPLAINT PAGE - 59**

14.    As shown in this lengthy document (dictated by PAYNE's actions), PAYNE, who I barely know, has a long history of criminal conduct, including 13 arrests and 23 charges (i.e., rape, fraud). He has verbalized a **goal of destroying my life**. Now **he is going after my son.**

15.    PAYNE and I have no relationship, my interactions with PAYNE began when he posed as a journalist and supposed sex trafficking advocate. I agreed to share my story to help others- in 1998, at 14 years old, I was arrested and then convicted for aiding and abetting the sex trafficking of a minor (15). I have had no problems related to those charges since '98, and in 2017, the court terminated my lifetime federal supervision based on my rehabilitation and a polygraph.

16.    The court recognized my growth, but PAYNE, of all people and having been determined to be a former pimp with a history of domestic violence allegations, has **maliciously and heinously** used my past, especially now, to **target me, my family, and now my child**.

17.    Truly, PAYNE will not stop his bad conduct- unless the court makes him. Just this past weekend, PAYNE went on another targeted spree of Instagram harassment about me, with 15 posts in a day, and every day it is more.

18.    Rayon Payne's actions have caused ongoing fear, disruption, and emotional harm for me and my family, especially my teenage son. **And Payne knows this.** I have told him, he has heard me express it, he is aware unsuccessfully asked police for help (2020). He mocked me going to the police, even said he was going to tell people in my social groups that I was going to police, referencing that I was weak.

**COMPLAINT PAGE - 60**





diaz,jermaine carlos - Texas Public Sex Offender Registry

DIAZ,JERMAINE CARLOS. Primary Photo. Photo Reported 05/07/2019. SID, 07454232. Risk Level, NOT REPORTED.

Mr. Diaz told a Florida Judge that @deionsanders personally invited him to @cubuffsfootball 🤔 @boulderpolice @governorabbott @fbcsotexas



📵 am doing it because your an outta pocket b!tch. Turn yourself in stop running.

**PAYNE'S POST ABOUT ME AND ON 12/14/2024 PAYNE IS LYING ABOUT ABOVE THERE IS NO WHERE TO TURN MYSELF INTO INCLUDING ME 12/14/2024**

**<<<<< LEFT- THAT IS RAYON SHERWIN PAYNE AKA KEKO**

This is the individual stalking me and targeting my child. He has I show his photo to demonstrate he **makes** the posts targeted to me include me as if he is talking to me.

ALL REMAINING PICTURES ARE ME



## Dramatic, recent escalation since

19.	PAYNE has caused **significant** emotional distress, disruption in all areas of my life and that of my family, and potentially irreparable harm. The tracker, found on my son's car by a mechanic, is now in the possession of Detective ACOSTA of the Fort Bend Sheriff's Office. Before these recent incidents, Detective ACOSTA had referred PAYNE to the District Attorney for potential charges. The DA's office, whom I spoke to on **December 17, 2024**, is considering charges based on Detective ACOSTA's referral.

20.	**No one is safe** from PAYNE's relentless stalking and defamatory and malicious acts when in my life. He has targeted my family, friends, associates, businesses I frequent, charities I support, my housing (resulting in two evictions), and my friend's guardianship case to help save her nieces.

21.	PAYNE has also targeted my godson and his school, my mother's business matters, housing (getting her evicted), and **even her church**. He even targets strangers I take photos with (including as an artist and music exec). It is so bad that I restrict what photos I take *not* to hide my past but to save them the hassle.

22.	But again, PAYNE's **behavior towards my son**, including contacting his school, school district, coaches, the universities recruiting him, and other parties, and now even a student that I witness. That is brings me to the court for help. PAYNE is weaponizing my past from two-plus decades ago to hurt my child's future, which is causing us all incredible emotional distress.

## Spring 2024- targeted stalking and harassment of my son begins.

23.	PAYNE's genuine harassment of my son started in the Spring of 2024 when my son celebrated receiving a scholarship offer from the █████████████

on his social media. Within an hour, PAYNE uploaded a post with an image of the University logo and the message "PLAY BALL."

24.  I was angry, worried, and distressed when I saw the message; my son and family were also. We would no doubt contact the team or anyone he could to target me through him because he had done it so many times before.



| Targeting one of the schools recruiting my son and publicly posting about it | PAYNE is mocking my request for a gag order (over his harassment of my son) | Targeting my visit to my son's football game- entirely permitted, posting my registry information |

## I told PAYNE it was harming my child in April 2024; escalated.

25.  After PAYNE posted about the ▮▮▮▮▮▮▮▮▮▮ I requested a gag order before the **April 2024** hearing he set in our civil case; I sued him in **2019**, as discussed below, but ultimately dropped the suit because he had no money.

26.  I told Judge Netcher, who presides in our case, the harm that PAYNE's targeting of my child was causing. **PAYNE** objected and **said his abusive behavior**

**COMPLAINT PAGE - 63**

was irrelevant. Judge Netcher overruled him, but I only realized last week that the gag order issue was not correctly set, so there was no ruling or actual discussion.

27.     shown in this lengthy document (dictated by PAYNE's actions), PAYNE's predatory social media are addition to phone calls, emails, and letters, online messages, postings and uploads to website, and allegedly (per PAYNE, an OnlyFans page about me.

28.     Still, Judge Netcher did not like the harassment I told him about- who would? PAYNE does like based on his behavior, and despite what Judge Netcher comments, PAYNE continued and worsened, even mocking my request for help from the court online. **This is a critical time for my child; I need the abuse to stop. Spring 2024- Targeted social media attack on son's recruiting visit.**

29.     PAYNE is causing horrible pain. His targeting of the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ was not an isolated incident. Earlier this year, my son posted a photo of us on the sideline of the University of Colorado game, one of the universities recruiting him. PAYNE reposted it, "tagging" the Governor of Texas and law enforcement, informing them of my offender registry status. Just to harass me.

30.     My understanding and what I have learned is that "tagging" amplifies the post to more people in the other person's audience and especially **links those tagged back** to the poster's account. That is always PAYNE's intent because his Instagram "stories" feed is **dedicated** to constant defamatory content about me.

31.     "Stories" disappear within 24 hours, one of the cunning ways he hides the nasty stuff he does. He also dedicates several pictures "pinned" to the top of his account to me. Law enforcement has access to everything, and there is probably much more than I have ever seen, with some reposts starting earlier this year. But after not

**COMPLAINT PAGE - 64**

getting help in 2020, I blocked it all and did not give him any focus until he began to target my son.

## My prior lawsuit against PAYNE

32. In 2019, I sued PAYNE after years of harassment, lies, and defamatory content about me. The lawsuit focused on his false, salacious YouTube videos about me- one tiny piece of the harassment. He used the videos to harm me and to link me falsely and maliciously to all types of horrible things that had **nothing to do with me**.

33. YouTube eventually terminated his account, but now he continues to exhibit the same behavior on social media. At that point, there had been hundreds of social media posts and messages from PAYNE. In 2020, I tried to pursue charges to protect my family and provided screenshots of about 400 social media posts from PAYNE, just a fraction captured. No action was taken, which PAYNE also mocked in a social media post, so I gave up and endured it.

34. I ultimately dropped my lawsuit because it was not worth the energy- PAYNE had nothing to lose or protect, which he has leveraged to his advantage; he even recently posted about being broke being the best defense.

35. During my lawsuit, PAYNE won a default judgment on his counterclaim, which I thought dropped due to error. PAYNE, who sues many people pro se, appealed his *winning* default, making any fixes harder. PAYNE now uses that judgment, which is being resolved, as another harassment vehicle, including his violations of the law. Just yesterday, he got information through another way after objection to subpoena and conduct discovery through one case (unrelated) after judge stayed discovery in another case. I am trying to get a hearing for that.

**COMPLAINT PAGE - 65**

## Stringent restrictions needed.

36. However, after talking to professionals, I learned I need this court's relief to put stringent restrictions with real enforcement power. The stuff he has said and done to me, the admitted "focus" on me, the obsession, is wild and this Court's help is required to have a chance of stopping him.

## BIG escalation after the November 6, 2024, hearing in civil case.

37. I noted our other civil case because it was after this most recent hearing that PAYNE escalated *repeatedly* and worryingly. On November 6, 2024, PAYNE and I participated in a hearing he set.

38. Before the hearing, PAYNE targeted me with *many* taunting posts, including threats to report issues to law enforcement, to the judgment process, and to target business relationships.

39. PAYNE was angry after the hearing, which did not go as planned. Judge Netcher, who is over our case, addressed him sharply for recording the prior hearing, which I brought up and only knew about because PAYNE used a snippet on Instagram to target me. PAYNE interjected that I could not control what he posted. Judge Netcher said he could dictate his courtroom- recording is not allowed!

40. Then, when I told Judge Netcher that PAYNE was still harassing my son, he was curt and asked PAYNE something like, "Is this about the judgment or harassing him?" One of PAYNE's requests was denied; the other is pending.

41. **PAYNE was furious and within 30-45 minutes of the Zoom** hearing ending, PAYNE began a weekend-long **tirade** and harassing social media spree of me

**COMPLAINT PAGE - 66**

and my family. First, PAYNE quickly posted that Judge Netcher said he could not stop the harassment; that is not what was said.

42.     Judge Netcher noted that I needed to file something if I recall (it was not "before" the Court), but did not seem happy with PAYNE's behavior *again*. Most people would change their behavior after that—PAYNE got worse *again*.

## November 9, 2024- Social Media Attack on son

43.     On Friday, November 9, 2024, PAYNE posted several messages about me before targeting my son. The most distressing was a video (screenshots included here) supposedly meant to congratulate the opposing player in the video.

44.     *However*, it targeted my son and me. PAYNE has no association with either team, or the opposing player has other highlights that exclude my son. PAYNE specially selected that one with my son.

45.     Even worse, PAYNE also "tagged" the opposing player (a high schooler), and a football site (324 Sports) geared toward fans and popular with college recruiters. PAYNE knows recruiters regularly track players of interest on social media *because* he has targeted their content before!

46.     PAYNE linking my son to my troubles from decades ago is an unnecessary and predatory attack on my son, and they are causing tremendous harm and distress. He does it anyway and increasingly because it is working. If the court does not step in, he'll probably escalate after this because of the harm it is causing.

**COMPLAINT PAGE - 67**



## Social Media Attack Spree- Saturday, November 10, 2024

47.     PAYNE's rage spree continued on Saturday and got worse. His first upload was a message, "I'm coming to Texas (P) watch I do on Monday." (He uses a blue "P" symbol- referencing pimp to her to me often, in countless posts).

48.     That message was **one of 20 or so defamatory Instagram posts** sent by PAYNE **that day**, including reposting a series of old, defamatory videos he had created years ago. The craziest post was when PAYNE uploaded another post challenging me to a bare-knuckle fight. He said he "wanted to catch me in the yard," referencing prison. He is, at best, trying to provoke me to hurt him, go to jail, and sue me. He just does not seem mentally together. I have never heard of him being in an

**COMPLAINT PAGE - 68**

altercation with a man, and PAYNE has repeatedly claimed fear for his safety from people far away from him.

49. PAYNE even sought a restraining order against a woman, roughly 120 pounds, who had previously filed a report that PAYNE beat her frequently, including knocking out her tooth and busting her eardrum.

She was granted a domestic violence injunction after her testimony, and court paperwork online also lists at least three more women who have filed for those orders against PAYNE. One of those was his mother, who got a permanent order (with no (with no expiration date) against him many years ago.

## Monday, November 11, 2024 (Veteran's Day)

50. Then, on Monday, PAYNE's messages got worse still when he announced he had arrived in Houston on Instagram, posting: *"Good morning Houston, we've got a problem, but it's not one that we can't solve, and that's why I am here,"* with shots of a hotel and the city skyline.

51. His posts got worse. First, PAYNE posted **another** message once he said he was here. He **posted a picture of my vehicle** at the Starbucks drive-through.

52. He posted the picture minutes after I left Starbucks and captioned it: *"Told y'all I was coming to Houston. Here I am at @starbucks getting coffee…Just know Keko put his work (P).*

53. Shortly after, he uploaded another series of image posts, including a proposal that we go on a "double date." It is disturbing—he does not seem sane, **and he now says he is coming to Houston.**

**COMPLAINT PAGE - 69**

  

54. Behavior like this cannot be ok, he has ruined so much- evictions, business opportunities, jobs- **not** because of my past, but because *no one wants to deal with PAYNE*. He makes wild claims, constantly harassing, and now following me.

55. After the "double date" proposal, PAYNE posted **another** message stating he saw my friend and me at the gas station shortly after that and started sharing details about how he had stalked her and found out about her.

56. I do not share her on social media precisely because of PAYNE. Within that same hour, PAYNE uploaded **another** post targeted at the time, saying he saw us at the gas station and giving more details.

**COMPLAINT PAGE - 70**

  

57.     Within an hour, PAYNE uploaded **another** post asking if I thought it was a "coincident" that he and my friend were in town at the same time, another stalkerish message. I do not fear PAYNE physically; he does not intimidate me in any way. But I have constant anxiety and fear for the unexpected, the sneaky stuff from this individual because he seems sick.

58.     I do not say "sick" lightly. But PAYNE constantly behaves like this, seemingly believing he can say and do anything without consequences. He brags about all his arrests and few convictions, and now he continues. Detective ACOSTA or law enforcement will be able to provide further insight; I just know PAYNE needs to stop. People make mistakes, and PAYNE has a continued pattern and seems to desire harm. That does create emotional distress.

**COMPLAINT PAGE - 71**

## More Monday, November 11, 2024, social media attacks

59. Back to the Monday stream of incessant posts, PAYNE uploaded **another** shortly after the last—a picture of my friend and me at a party the night before, with a screenshot of my offender registry information from the website laid over it. This is another illegal misuse of the offender registry, a frequent practice.

60. PAYNE has **illegally doxed** me with what are likely hundreds of images of my registry pictures, demographic information, and **even my address (often circled in red) hundreds of times,** which has created significant safety concerns.

61. Continuing the Veteran's Day **(11/01/2024)** harassment spree, PAYNE **uploaded another post** (the tenth of the day or so) later that evening. This time, it was a photo of my friend (the young woman from the other posts). PAYNE said he planned to contact her ex-partner (and co-parent) to tell him about my twenty-plus-year-old conviction and registry status. He is just trying to hurt my relationship, knowing no facts about my situation with my friend.

## PAYNE's "speech" is harmful.

62. PAYNE uses "free speech" to cover everything yet sues when people say anything slightly tough to him. But PAYNE's talk is especially dangerous because he is a good liar and manipulator and seems honest until you know him or give him the slightest pushback or objection. Then you see the other side.

63. I believe he could orchestrate other violent acts by others even without having much money, which is one of the worrisome things about how much he targets me and my son. He also wants to be menacing.

**COMPLAINT PAGE - 72**

64. For example, in 2017, my car was targeted in a drive-by shooting in Houston; I do not have enemies like that. **Minutes after** the shooting, PAYNE posted about it on social media, also writing, writing, "NEXT TIME I WON'T MISS."

65. Police said PAYNE was in Orlando, but we all were suspicious that he knew immediately. PAYNE, who had a similar charge ("shooting into a dwelling") many years ago, it says in a court record I saw, also wanted to seem involved. He has also posted mocking messages about it in recent years, which is similar to him.

## Request for Relief

66. PAYNE has no boundaries, and I ask the court to give him some or at least take enforcement action if he *still* will not stop. PAYNE is now targeting my son's academic and athletic future. A child, no matter how big he is on the football field, demands that I plead for immediate intervention to prevent further harm.

67. PAYNE's behavior is disturbing because he seems to have nothing to lose. PAYNE's escalation behavior, presence in Houston, his history of harassment, and now the new incidents, tracking (even before the IP issue with my family)- I need the abuse to stop and my son and family to avoid irreparable harm.

68. I pray the Court grants me a stalking protective order against RAYON PAYNE with stringent rules and restrictions on an emergency basis and after hearing, as outlined in the attachment. **Only this Court has *any* chance of stopping him.**

**Executed in Fort Bend County, State of Texas, on December 20, 2024.**

_____
Jermaine Carlos Diaz

**COMPLAINT PAGE - 73**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements

TARGETING ME, FAMILY, FRIENDS- **I HAVE BLACKED OUT WOMEN'S FACES B/C PAYNE REPOSTS**



MY GODSON





**MY FAMILY PICTURE**



**GOD SON'S MOM ASKING PAYNE TO STOP**

**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 1 of 11**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements







GOD DAUGHTER



**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 2 of 11**

COMPLAINT PAGE - 75

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements



FRIEND







TARGETING MY BAPTISM



HOW PAYNE SEES HIMSELF



TARGET HARVEY EXPEIRENCE

**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 3 of 11**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements

  

  

Rayon's harassment after tracking my friend

**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 4 of 11**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements



Posting my friend's page while she was visiting veteran's day weekend





Me and my friend riding in the car, found and reposted by Payne





| DIAZ,JERMAINE CARLOS | |
|---|---|
| SID | |
| Risk Level | |
| Ending Registration Date (Projected) | Photo Reported 10/31/2023 |
| Verification Requirement | ANNUALLY |
| Sex | Male |
| Race | Black |
| Ethnicity | Non-Hispanic |

**2020:** The left picture is a picture of my godson. I have **U.S. Probation was prompted to polygraph me at my request,** to be released from lifetime supervision.

**Rayon reposted my offender registry photo only to harass me, for probably**

**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 5 of 11**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements

**Middle (2020)**: Payne tagging governor and government implying I am breaking the law and a designated threat to minors     the 250th time during his Veteran's Day Instagram spree and visit to Houston








Baseless (and failed) threats on attorneys which make it difficult to see legal help. Payne is suing five Different attorneys

One of his accounts dedicated to me, focused on fake documentary

**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends

**Page 6 of 11**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements









**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 7 of 11**

**COMPLAINT PAGE - 80**



**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 8 of 11**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements









**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 9 of 11**

Attachment- **A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements



ATTACKING CHARITY EVENT







**Some** of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends
**Page 10 of 11**

**Attachment- A small batch** of the likely thousands of harassing photos and images posted by Rayon Payne against DIAZ, his minor son, family, friends, associates, even strangers, also tracking his movements





folksxo All that blood clot running to end up right here breaking yourself like the hoe you are #younglace to Keko.

3 days ago

folksxo



a fact information sheet however I don't feel my private information is safe as the defendant has continued to record these hearings and post non public information on social media against the judges order, continued to stalk and harass my

Woke up this morning to Lace sending multiple emails to the Judicial Assistant 🤔 sir you can't do that and I will deal with that shortly. As for the lawyers not willing to take your case that's a personal problem.

cannot answer any motions nor can't speak on my own behalf due to me not knowing the law and I have contacted 19 lawyers who reject this case due to their research on the Defendant and his target toward attorneys. This is an abuse of the system, the motions and emails are so continues that I can not keep up, I pray thet the courts can find me some relief into this matter until I can find legal counsel.

Respectfully,
Jermaine Diaz

attached are some examples of the Defendants behavior as well as a Recording of the courts hearing. I was a juvenile when all of this happened nor was I dangerous in any way, my past I cannot change however my future and present I have, since I have moved on in my life raising my son with sole custody the defendant truly has made my life as well as my child's life very miserable. No child should ever have to endure the suffering Mr Payne hes caused on my child based on my past. My child has a promising future in football with dozens of D1



Some of the pictures showing harassment of Rayon Payne against Jermiane Diaz, his son, family, and friends







Pimpin said he's at the mercy of the court 🤔 pimpin think he's in control. On November 6, 2024 the judge you don't have faith in the court 😂😂

REAL YOUNG LACE 8:34 AM
Please excuse my prior email as I forgot to attach t...

REAL YOUNG. 10:43 PM
to    me, Donald

Ms Burrows, please excuse my repeated messages as I am at the court's mercy with the predatory actions of the defendant, I have no belief or confidence that my private personal information will be protected by this court, the defendant has continued to show a lack of respect for this court and or its rulings. The court has become a way for the defendant to communicate with me, harass me as well as stalk me, attached is a copy of videos the defendant posted of my emails to you before the judge had a chance to read the world has read. I'm Not a lawyer or have any knowledge on how legal procedures go but I'm certain this behavior is not it. I filed a lawsuit for cyber harassment and cyber bullying and for My lack of knowledge he wins a DEFAULT JUDGMENT that has weaponized the defendant to increase his Harassment using the courts to do so. I am Asking the court to please hold a hearing and allow me the opportunity to address the court on this matter.

Respectfully,
Jermaine Diaz.

Moneytoblowmusicgroup



Today the alligator hauls massive Burmese python through water in Florida Everglades.



Remember when I said the Diddy case is far reaching? Well this convicted child trafficker got problems, not only Diddy.

# I DO NOT KNOW DIDDY PAYNE IS THE PROBLEM



PAYNE REFERS TO ME AS "P IN MANY POSTS





folksxo · Following

GO SUBSCRIBE FOR FREE TO ONLYFANS.COM/ FOLKSALERT YOU WILL HAVE A FRONT ROW SEAT TO REGISTER SEX OFFENDER PIMP YOUNG LACE IN THE TRAP. LAST THE DAY HE FIXED HIS MOUTH TO SPEAK ON MY KIDS IS THE DAY HIS BUSINESS WAS NO LONGER PRIVATE. GO SUBSCRIBE FOR FREE.

32 views

**folksxo** Chess ♟ not checkers: When I told y'all #younglace been checkmate please believe me. Y'all go subscribe to onlyfans.com/folksalert for FREE you will get to see what these pimps really do on the interview. #lacetheblueprint #pgo #hgo #podcast #houstontx





Kelly Alvarez via Storyful

Everglades National Park, FL

This is what it looks like when you break a 🅿️ for $31k trap 😂



Can someone please check and see if Lace girlfriend deleted her page or she just blocked Folksalert?





Sometimes you have to force people into the position you want them in because of their refusal to fall in line. And on this wonderful Monday morning me walking into federal court I will be forcing 🅿 into position. This chess pimpin not checkers.

# HOW PAYNE SEES HIMSELF

# OLD ARTICLE ABOUT PAYNE

Follow us on

- 
- 

Thursday, Nov. 29, 2012 | 2:41 a.m.

Sign In | Register

Hi, (not you?) | Member Center | Sign Out

Sign In | Register



Orlando 72°
Daytona Beach 73°
Melbourne 72°

- Interactive Radar
- Extended Forecast
- Local Maps & Loops

Updated: 6:26 p.m. Monday, Feb. 27, 2006 | Posted: 6:25 p.m. Monday, Feb. 27, 2006

# Man Remains Free Despite At Least 13 Arrests, 23 Charges

### Related

**ORLANDO, Fla.** — At least 13 arrests for 23 crimes from fraud to kidnapping to rape, but police and prosecutors said they can't get the man off the streets. After more than a dozen attempts, prosecutors finally sent Rayon Payne to prison, but a judge's oversight got that conviction thrown out of court.In some cases, it's a technicality. In others, it's weak evidence. Officers from five Central Florida law enforcement agencies have arrested Payne, some more than once. They say it is absolutely frustrating that he's still on the streets.

Payne has enough mug shots to make his own pack of trading cards and he would be able to buy them, because he's a free man.

"He has served some time, probably not nearly enough. He has escaped the system," said Randy Means, State Attorney's Office.

Time and time and time again he escapes the system. Channel 9 uncovered at least 13 arrests on 23 charges, but very few convictions. In 1999, Orlando police arrested Payne for organized fraud and using stolen or counterfeit credit cards to buy equipment for his pirate radio station. In 2000, he pled no contest and was sentenced to five years probation. During that time, he was arrested for sexual battery, a violation that finally landed him in prison.

Email News Sign-Up Multiple Choices - Auto sign-up (LEFT ALIGN) **GET WFTV NEWS HEADLINES BY EMAIL** 9 a.m. Headlines Noon Headlines 4 p.m. Headlines News of the Strange Breaking News Alerts But Payne's lucky streak kicked in again. He appealed the sentence, saying when he entered his plea, Judge Bob Wattles never told him he could be deported to his home country of Guyana. An appellate court threw out the conviction and the sentence.

"Where does that stop? Do we have to tell the defendant they may lose their wife, they may lose their job? He should have served the five years," Means said.

The feds tried to deport him anyway, but then couldn't because there was no conviction. A sexual battery conviction was also overturned on appeal. The victim refused to participate in a second trial. The detective who investigated Payne's original fraud case said officers won't give up.

"Mr. Payne has had a tremendous amount of luck and he's a smart individual, but if he continues on his path in the criminal justice system, eventually his luck will run out," said Detective Bill Moore, Orlando Police Department.

Channel 9 spoke with Payne by phone, but he refused to do an on-camera interview.

Judge Wattles, who took the plea that got thrown out, did not return calls.

Payne is still involved in one court battle with police. He's trying to get back the possessions seized in the fraud case, including a gun, radio equipment and the fraudulent credit cards and paperwork.

Orlando police are fighting to keep that from happening.

**More News**

## You Might Also Like

## Promoted Stories

- [Pics] If You Have Any Of These 29 Coins Around, You Just Became Filthy Rich (Definition)
- [Photos] If You Have Any Of These Items, You Just Became Rich (Definition)
- [Photos] 25 T-Shirts That Went So Wrong (Definition)
- What Cindy Brady Looks Like Now is Stunning (Definition)
- [Pics] Andy Griffith Ruined More Careers Than Any Other Show (Definition)
- Born Billionaires: The Cannon Family is Among the Richest in America (Pics) (Definition)

Recommended by

**COMPLAINT PAGE - 97**





**COMPLAINT PAGE - 99**



**COMPLAINT PAGE - 100**

## Hearings

| Date | Hearing | Time | Location | Pages |
|------|---------|------|----------|-------|

## Financial

| Date | Description | Payer | Amount |
|------|-------------|-------|--------|
| | | Balance Due: | 0 |

## Bonds

| Description | Status Date | Bond Status | Amount |
|-------------|-------------|-------------|--------|
| Charge 1 Surety Bond BB916263 | 3/24/2000 | Bond Conversion | 5000.00 |

## Warrants

| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |
|--------|--------------------|-----------|--------------|-------------|-----------------|--------------|

**COMPLAINT PAGE - 101**

MY PRIOR
GAG
ORDER
REQUEST,
HE
MOCKED

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR ORANGE
COUNTY, STATE OF FLORIDA

CASE NO.: 2019-CA-8025-O

JERMAINE CARLOS DIAZ,
   Plaintiff/ Counterdefendant,

vs.

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT APP.
   Defendant/ Counterclaimant.

_____/

## PLAINTIFF/COUNTERDEFENDANT'S MOTION FOR GAG ORDER

Comes now, Plaintiff / Counterdefedant, Jermaine Carlos Diaz, by and through the undersigned counsel, and hereby files his motion for a gag order against Defendant, Rayon Sherwin Payne and in support of the subject motion, Plaintiff states as follows:

1. This civil matter involved Plaintiff's claims for slander, libel slander per se, defamation by implication, tortious interference with an advantageous business relationship, and cyberstalking. Defendant filed a counterclaim for Florida's Anti-SLAPP statute (768.295), civil conspiracy, fraud, public disclosure of private facts, and cyberstalking. Defendant was awarded a default final judgment as to liability only and granted an Order on Defendant's Motion For Summary Judgment primarily because Plaintiff did not respond in opposition, both rulings issued by this Court on January 25, 2021. On or about January On October 12, 2022, Defendant was awarded a final judgment in favor of Defendant, Rayon Sherwin Payne for the sum of $51,728.30 based upon Plaintiff's presumed failure to participate in the litigation.

1

2.  At this time, Plaintiff has filed his motion for relief from both the final judgment and the order on Defendant's motion for summary judgment.  During the post-judgment proceedings, Plaintiff advised the court that Defendant had engaged in a pattern of behavior wherein he suffered harassment due to Defendant's postings of sensitive information arising from this civil action which interfered with his family and business interests.  In response, this Court required that "Form 1.977-Fact Information Sheet be provided to the Defendant/Counter- Plaintiff within 30 days and that it not be disclosed to any third parties except as necessary means to collect recovery."  See Exhibit A.

3.  Plaintiff states that postings concerning these legal proceedings using images of his son and vail threats of complaints against legal counsel are being done to undermine these legal proceedings and prejudice the Plaintiff's case.  A copy of the most recent postings are attached hereto and incorporated herein as Composite Exhibit B.

4.  A gag order represents a classic example of a prior restraint on speech: one that prohibits free speech before it is spoken.  Vrasic v. Leibel, 106 So. 3d 485, 487 (Fla. 4th DCA 2013) (holding:"'Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.'" (quoting Neb. Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976))); Fox v. Hamptons at Metrowest Condo. Ass'n, Inc., 223 So. 3d 453, 456 (Fla. 5th DCA 2017) (noting: "Temporary restraining orders and permanent injunctions—i.e., court orders that actually forbid speech activities—are classic examples of prior restraints" (quoting Alexander v. United States, 509 U.S. 544, 550 (1993))). See also Krapacs v. Bacchus, 301 So. 3d 976 (Fla. 4th DCA 2020) (holding that court orders that forbid speech activities on social media are "classic examples of prior restraints").

5. Imposing a gag order is necessary in this case to prevent any undermining of Plaintiff's case as well as prevent the dissemination of potentially prejudicial information and that could otherwise impact the fair adjudication of this matter.

<u>Memorandum of Law</u>

The disclosure of sensitive information through media coverage or public statements can prejudice the rights of the parties involved and undermine the integrity of the judicial process. The Florida Supreme Court has recognized the importance of preserving the fairness and impartiality of legal proceedings through the imposition of gag orders in cases where pretrial publicity may interfere with the administration of justice. Importantly, and as the Florida Supreme Court has admonished: "Any form of prior restraint of expression comes to a reviewing court bearing a heavy presumption against its constitutional validity; therefore, the party who seeks to have such a restraint upheld carries a heavy burden of showing justification for the imposition of such a restraint." State v. McIntosh, 340 So. 2d 904, 908 (Fla. 1976). See also Gagliardo v. Branam Children, 32 So. 3d 673, 674 (Fla. 3d DCA 2010) (holding that prior restraints on speech and publication are presumed unconstitutional).

Where a trial court imposes such restrictions on a party's free speech rights, it must make findings that support the need for these limitations, and the order must be "narrowly tailored to preclude only extra-judicial statements which are substantially likely to materially prejudice the trial." Rodriguez v. Feinstein, 734 So. 2d 1162, 1164 (Fla. 3d DCA 1999) (holding: "In Florida, the limitations imposed by the court on communications between the media and lawyers and/or litigants must be for good cause to assure fair trials"). See also Dippolito v. State, 225 So. 3d 233, 242 (Fla. 4th DCA 2017) (holding that a "gag order must be narrowly tailored to achieve

3

the objective sought, namely, a fair trial"); E.I. Du Pont de Nemours & Co. v. Aquamar, S.A., 33 So. 3d 839, 841 (Fla. 4th DCA 2010) (holding that "a gag order should be supported by evidence and findings that any extrajudicial statements made by counsel or the parties pose a substantial or imminent threat to a fair trial").

In the present case, a gag order is not only required but Defendants actions constitute cyberbullying which is a form of harassment that can have severe emotional and psychological effects on victims, especially when it occurs over digital platforms where the reach and persistence of the harassment can be amplified. Florida courts have recognized cyberbullying as a form of harassment and have established legal remedies to address such behavior. See Doe v. Swigert, 110 So. 3d 504 (Fla. 2d DCA 2013). In the case of Doe v. Swigert, the Florida Second District Court of Appeal held that cyberbullying can give rise to claims for intentional infliction of emotional distress and invasion of privacy, among others. The pervasive nature of cyberbullying necessitates swift and decisive action to protect victims and prevent further harm. However, in the present case, Plaintiff only seeks a gag order narrowly tailored to prevent any undermining of the case at hand while balancing the interests of free speech with the need to ensure a fair legal proceeding.

**COMPLAINT PAGE - 106**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court issue a gag order prohibiting the parties, attorneys, witnesses, and other individuals involved in this case from making any extrajudicial statements or comments to the media or public regarding the facts, merits, or issues involved in this matter until the conclusion of this legal proceeding or further order of the Court, and grant any other relief deemed appropriate and just.

Dated this 16th day of April 2024.

/s/ Donald L. Dempsey, II

Donald L. Dempsey, II
Florida Bar No.: 0118362
4321 Roosevelt Boulevard
Jacksonville, FL 32210
Telephone: (904) 387-5262
Email: dempsey4321@comcast.net
Attorney for Plaintiff/ Counterdefendant

**Certificate of Service**

I hereby certify that a true and accurate copy of the foregoing was provided to all parties of record via Florida Courts E-Filing Portal and/or U.S. Mail on this 16th day of April 2024 to Defendant/ Counterclaimant, Rayon Payne ()Pro Se), kekomardi@gmail.com 8815 Conroy Windermere Road, Suite 208, Orlando, FL 32835.

/s/ Donald L. Dempsey, II

Attorney

**COMPLAINT PAGE - 107**

# EXHIBIT A

# IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

Case number: 2019-CA-008025-O
Order to Show Cause

## COURT MINUTES

COURT OPENED 11:16 AM on 28th day of February, 2024 in Video/Audio/Tele Conference
This case came on this day for Rule to Show Cause
Honorable Netcher, Eric J , presiding

Jermaine C Diaz

_____

    Petitioner / Plaintiff
VS
Rayon S Payne

_____

    Respondent / Defendant

Parties Present:

| | |
|---|---|
| DIAZ, JERMAINE C | Plaintiff |
| | Counter Defendant |
| PAYNE, RAYON S | Defendant |
| | Counter Plaintiff |

- Court reporter: N/A

Court Deputy: OCSO

Court's Ruling: The Court requires that Form 1.977- Fact Information Sheet be provided to the Defendant/Counter- Plaintiff within 30 days and that it not be disclosed to any third parties except as necessary means to collect recovery.

COURT RECESSED at 11:40 AM on this the 28th day of February, 2024, subject to call.
Filed in Open Court on 02/28/2024
Deputy Clerk in Attendance: s/Lajuan R.
Office of Tiffany M. Russell, Orange County Clerk of the Circuit and County Courts

**COMPLAINT PAGE - 109**

# COMPOSITE
# EXHIBIT B











Case number: 2019-CA-008025-O
Ex Parte

## COURT MINUTES

COURT OPENED 9:20 AM on 30th day of April, 2024 in Video/Audio/Tele Conference
This case came on this day for Motion
Honorable Netcher, Eric J , presiding

Jermaine C Diaz

_____
      Petitioner / Plaintiff

VS

Rayon S Payne

_____
     Respondent / Defendant

Parties Present:


- Court reporter: N/A

Court Deputy: N/A

Attorney Donald L. Dempsey ll appeared on behalf of the Plaintiff.

Defendant Rayon S Payne appeared.

The Court took No Action.

! Hour Hearing to be set.

COURT RECESSED at 9:26 AM on this the 30th day of April, 2024, subject to call.
Filed in Open Court on 04/30/2024
Deputy Clerk in Attendance: s/Sinai D.
Office of Tiffany M. Russell, Orange County Clerk of the Circuit and County Courts

# MY ORIGINAL
# LAWSUIT VS. PAYNE

**COMPLAINT PAGE - 117**

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,

     Plaintiff,                         CASE NO:

v.

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT APP,

     Defendant.
_____/

## COMPLAINT

Plaintiff, JERMAINE CARLOS DIAZ, by and through the undersigned counsel, hereby sues Defendant, RAYON SHERWIN PAYNE d/b/a FOLKSALERT APP, and states as follows:

### PARTIES, VENUE, AND JURISDICTION

1. This is an action for defamation and for damages in excess of $15,000.00, exclusive of attorney's fees.

2. Plaintiff, JERMAINE CARLOS DIAZ, is an individual who at all times material hereto has and continues to reside in Harris County, Texas.

3. Defendant, RAYON SHERWIN PAYNE, is an individual who at all times material hereto has and continues to reside in Orange County, Florida at the address of ███████████ ██████████████.

4. Venue is proper in Orange County, Florida pursuant to § 47.011, *Fla. Stat.* because it is the county where the Defendant resides and it is the county where the cause of action accrued.

5. Jurisdiction of this Court is proper pursuant to § 26.012, *Fla. Stat.*

**COMPLAINT PAGE - 118**

6.      Plaintiff, JERMAINE CARLOS DIAZ ("DIAZ"), is thirty-six (36) years old and resides in the Houston, Texas area.

7.      In July 1998, when DIAZ was only fourteen (14) years old, he was arrested on charges of transporting a minor, who was one year older than him (15 years old) in interstate commerce for purposes of prostitution, and for aiding and abetting.

8.      Despite being only fourteen (14) years old when the incident occurred, DIAZ has spent the past two decades with no further incident as it relates to those charges. DIAZ has never been designated a dangerous sex offender and DIAZ's lifetime supervision has been terminated.

9.      DIAZ was previously enrolled in the Texas Art Institute and majored in interior design.

10.     Since finishing school DIAZ has dedicated his life to raising his twelve-year-old son of whom he has full custody.

11.     Since 2006, DIAZ has managed music artists through his successful company Money To Blow Music Group, LLC, and has gained considerable notoriety in doing so.

12.     DIAZ maintained an Instagram page, @lacetheblueprint, where he promoted the music artists he manages and commonly goes by the name of "Lace the Blue Print" or "Young Lace." Through Instagram, DIAZ generated income in the amount of $15,000 to $25,000 per month through appearance booking fees and endorsements.

13.     Defendant, RAYON SHERWIN PAYNE ("PAYNE"), works in maintenance at a Central Florida apartment complex and also operates and maintains the FolksAlert App YouTube page at █████████████████████████████ ("FolksAlert").

<u>PAYNE'S FALSE AND DEFAMATORY STATEMENTS AND HARASSMENT OF DIAZ</u>

14.     PAYNE, who commonly goes by the name of "Keko," has an unhealthy obsession with DIAZ, despite the two having never met and despite DIAZ wanting absolutely nothing to do with PAYNE. Utilizing FolksAlert, PAYNE routinely harasses DIAZ with an intent to cause DIAZ substantial emotional distress by publishing false and defamatory videos about DIAZ to FolksAlert.

15.     In fact, PAYNE's publication of the numerous false and defamatory videos concerning DIAZ have achieved their desired result of harassing DIAZ and causing DIAZ severe emotional distress.

16.     For example, through his FolksAlert videos, PAYNE frequently states that DIAZ is a "*dangerous* sex offender" and implicates DIAZ as being currently involved in human trafficking. These statements published by PAYNE are false and defamatory, and were published by PAYNE with express malice or reckless disregard for the truth.

17.     A timeline of PAYNE's bizarre publication of false and defamatory statements about DIAZ is as follows.

18.     On February 13, 2019, PAYNE published a video to YouTube titled "Dear Young Lace Lets Do Business" ███████████████████████████ In this video, PAYNE brags about his harassment of DIAZ and states, in part: "Carlos @YoungLace, I just deleted your #moneytoblowceo ig page."

19.     On February 16, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "Young Lace – The Sex Offender Blue Print" ██████████████████████ ████████ In this video, PAYNE states that "one can arguably say that [DIAZ] is the most successful human trafficker in the United States." This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

3

20.     On February 18, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) – Trailer 1" ███████████████████████████████████ In this video, PAYNE implicates DIAZ as being involved in human trafficking and states that DIAZ is a "dangerous sex offender." These statements are false and defamatory, and were published with express malice or reckless disregard for the truth.

21.     On February 20, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) – Trailer 2" ███████████████████████████████ In this video, PAYNE implicates DIAZ as being involved in human trafficking, states DIAZ is a "dangerous sex offender," and states and implies that DIAZ is involved with prostitution. The description of the video states:

> This summer Folksalert presents a documentary about a **dangerous** sex offender Jermaine Carlos Diaz aka Young Lace and one of his many prostitutes Angelica DiDisiena. (emphasis supplied).

22.     These statements are false and defamatory, and were published with express malice or reckless disregard for the truth.

23.     On February 21, 2019, PAYNE published a video to FolksAlert's YouTube channel tilted "Young Lace – The Bold Sex Offender Pimp" ██████████████████████████ In this video, PAYNE states that DIAZ is a pimp and implicates DIAZ in prostitution. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

24.     On February 23, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) - Trailer 3" ██████████████████████████ In this video, PAYNE states that DIAZ is a dangerous sex offender and implies that DIAZ is a human trafficker, states that DIAZ

4

is a sex trafficker, or involved with human trafficking, implies that DIAZ is involved in prostitution, and states that DIAZ has eight females working for him. These statements are false and defamatory, and were published with express malice or reckless disregard for the truth.

25. On February 27, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) – Trailer 3" ███████████████████████████████████████ In this video, PAYNE states that DIAZ is a dangerous sex offender. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

26. On March 4, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) Trailer 6" ██████████████████████████████████ In this video, PAYNE implies that DIAZ is involved with human trafficking and sex trafficking and states that DIAZ is a dangerous sex offender. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth. Further, the video depicts a picture of a battered woman and falsely implies that DIAZ beat the woman and otherwise harms women.

27. On March 17, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) – Trailer 7" ██████████████████████████████████ In this video, PAYNE implies that that DIAZ is a sex trafficker, states that DIAZ has eight prostitutes, and that DIAZ is a pimp. These statements are false and defamatory, and were published with express malice or reckless disregard for the truth.

28. Also on March 17, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "EP 51: BOLD PIMPING – A Houston Sex Trafficking Operation" ██████████████████████████████████ In this video, PAYNE implies that DIAZ is

5

a sex trafficker, and is involved with sex trafficking and prostitution. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

29. On March 18, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "CLASSIC PIMPING: Johnny Cash and Young Lace (2012)" ███████████████████████████████. In this video, PAYNE implies that DIAZ is a pimp and involved with prostitution. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

30. On March 23, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) – Trailer 8" ███████████████████████████████. In this video, PAYNE states that DIAZ "is known on social media and around the United States in human trafficking circles as Young Lace the Pimp." The video otherwise implies that DIAZ is a sex trafficker or is involved in sex trafficking. These statements are false and defamatory and were published with express malice or reckless disregard for the truth.

31. On April 6, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "A Trusted Face Young Lace" ███████████████████████████████ The video implies that DIAZ is a pimp and involved with prostitution. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

32. On April 16, 2019, PAYNE published a video to the FolksAlert's YouTube channel titled "Using Algorithm To Stop Sex Offender Jermaine Carlos Diaz" ███████████████████████████████ In this video, PAYNE implies that DIAZ is dangerous and needs to be stopped from committing crimes. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

6

33. On May 6, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Blue Print – A Dangerous Sex Offender (Young Lace) Trailer 10" ██████████████████████████████ In this video, PAYNE implies that DIAZ committed the crime of auto theft. This statement is false and defamatory, and was published with express malice or reckless disregard for the truth.

34. On May 25, 2019, PAYNE published a video to FolksAlert's YouTube channel titled "The Young Lace Documentary Coming Summer 2019" ██████████████████████. The video threatens and harasses DIAZ with the release of a false and defamatory "documentary" about DIAZ.

35. On June 14, 2019, PAYNE again threatened and harassed DIAZ by publishing a video to FolksAlert's YouTube channel titled "On 6/17/19 I will have a release date for this Young Lace documentary" ████████████████████████ The video is a clear threat from PAYNE to DIAZ that PAYNE still intends to release a so called documentary, containing false and defamatory statements about DIAZ.

36. Again, on June 15, 2019, PAYNE published another video to the FolksAlert's YouTube channel titled "Intro: The Blue Print – A Dangerous Sex Offender (Young Lace)" ████████████████████ wherein PAYNE is threatening DIAZ with the release of the so called documentary about DIAZ.

37. Then, on June 20, 2019, PAYNE published another video to the FolksAlert's YouTube channel titled "Registered Sex Offender Carlos Diaz Gets Clowned" ██████████████████. In this video, PAYNE again harasses DIAZ and brags about PAYNE's efforts to delete DIAZ's and his company's Instagram pages.

38. PAYNE has also disseminated the aforementioned false and defamatory statements concerning DIAZ to Twitter and Instagram.

7

39. The foregoing statements of fact published by PAYNE about DIAZ charged that DIAZ committed an infamous crime and subjected DIAZ to hatred, distrust, ridicule, contempt, or disgrace.

40. PAYNE's false and defamatory statements concerning DIAZ directly and proximately, and in natural and continuous sequence caused, and continue to cause harm and damage to DIAZ, including, without limitation, injury and harm to DIAZ's reputation, and have caused DIAZ to suffer shame, humiliation, mental anguish and suffering, and hurt feelings experienced in the past and to be experienced in the future such that, but for the publication of the false and defamatory statements, the damage to DIAZ would not have occurred.

41. As a result of PAYNE's publication of false and defamatory statements concerning DIAZ, DIAZ has also suffered economic damages which are not yet quantified and are ongoing.

42. PAYNE has repeatedly threatened to release a so-called documentary about DIAZ containing blatant false and defamatory statements about DIAZ.

43. PAYNE's false and defamatory publications serve no legitimate purposes.

<u>ILLEGAL PHONE CALL RECORDINGS</u>

44. On November 18, 2018, PAYNE illegally recorded a phone call he had with DIAZ without DIAZ's consent or knowledge, in violation of § 943.03, *Fla. Stat.*

45. On or about February 16, 2019, PAYNE illegally recorded a phone call he had with DIAZ, without DIAZ's consent or knowledge, in violation of § 934.03, *Fla. Stat.*

46. On April 16, 2019, PAYNE illegally recorded a phone call he had with DIAZ without DIAZ's consent or knowledge, and in violation of § 943.03, *Fla. Stat.*

8

47. The aforementioned recordings occurred when DIAZ had a reasonable expectation of privacy.

PAYNE'S INTENTIONAL AND DELIBERATE TORTIOUS INTERFERENCE

48. PAYNE's harassment has not stopped with DIAZ. PAYNE has even called DIAZ's son's school and harassed DIAZ's mother.

49. In 2019, PAYNE took action to cause DIAZ's personal Instagram page, ███████████ DIAZ's business Instagram page, █████████████ and DIAZ"s business YouTube channel, "moneytoblowmusicgroup," to be deleted or otherwise removed from Instagram and YouTube. PAYNE took such actions without justification and with an intent to damage DIAZ.

50. All conditions precedent to the maintenance of this action have been satisfied, waived or occurred.

51. Plaintiff, DIAZ, has retained the undersigned counsel and has agreed to pay the undersigned a reasonable fee for services rendered.

**COUNT I- SLANDER**

52. This is an action for slander against PAYNE.

53. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

54. Defendant, PAYNE, made false and defamatory statements concerning DIAZ.

55. Said false and defamatory statements were published to third parties.

56. Plaintiff, DIAZ, has suffered damages as a result of the Defendant, PAYNE's, publication of the false and defamatory statements.

9

WHEREFORE, Plaintiff, JERMAINE CARLOS DIAZ, respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant for all damages, award costs, and grant such further relief this Court deems just and proper.

## COUNT II - LIBEL

57. This is an action for libel against PAYNE.

58. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

59. Defendant, PAYNE, made false and defamatory statements concerning DIAZ by publishing certain written statements to YouTube, Instagram, and Twitter.

60. Said false and defamatory statements were published to third parties.

61. Plaintiff, DIAZ, has suffered damages as a result of Defendant, PAYNE's, publication of the false and defamatory statements.

WHEREFORE, Plaintiff, JERMAINE CARLOS DIAZ, respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant for all damages, award costs, and grant such further relief this Court deems just and proper.

## COUNT III – SLANDER PER SE

62. This is an action for slander per se against PAYNE.

63. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

64. Defendant, PAYNE, made false and defamatory statements concerning DIAZ, which charged that Plaintiff, DIAZ, committed an infamous crime and subjected DIAZ to hatred, distrust, ridicule, contempt, or disgrace.

65. Said false and defamatory statements were published to third parties.

10

66. Plaintiff, DIAZ, has suffered damages as a result of Defendant, PAYNE's, publication of the false and defamatory statements.

WHEREFORE, Plaintiff, JERMAINE CARLOS DIAZ, respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant for all damages, award costs, and grant such further relief this Court deems just and proper.

### COUNT IV – LIBEL PER SE

67. This is an action for libel per se against PAYNE.

68. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

69. Defendant, PAYNE, made written false and defamatory statements concerning DIAZ, which charged that Plaintiff, DIAZ, committed an infamous crime and subjected DIAZ to hatred, distrust, ridicule, contempt, or disgrace.

70. Said false and defamatory statements were published to third parties.

71. Plaintiff, DIAZ, has suffered damages as a result of Defendant, PAYNE's, publication of the false and defamatory statements.

WHEREFORE, Plaintiff, JERMAINE CARLOS DIAZ, respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant for all damages, award costs, and grant such further relief this Court deems just and proper.

### COUNT V – DEFAMATION BY IMPLICATION

72. This is an action for defamation by implication against PAYNE.

73. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

74. Defendant, PAYNE, made certain statements which either

**COMPLAINT PAGE - 128**

a) Juxtaposed a series of facts so as to imply a defamatory connection between them; or

b) Created a defamatory implication by omitting certain facts.

75. Said false and defamatory statements were published to third parties.

76. Plaintiff, DIAZ, has suffered damages as a result of Defendant, PAYNE's, publication of the false and defamatory statements.

WHEREFORE, Plaintiff, JERMAINE CARLOS DIAZ, respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant for all damages, award costs, and grant such further relief this Court deems just and proper.

## COUNT VI – INTERCEPTION OF COMMUNICATIONS IN VIOLATION OF FLORIDA SECURITY OF COMMUNICATIONS ACT – FLORIDA STATUTE 934.10

77. This is action for violation of § 934.03, *Fla. Stat.* against PAYNE brought pursuant to § 934.10, *Fla. Stat.*

78. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs I through 51 as though fully restated herein.

79. Defendant, PAYNE, intercepted and recorded oral conversations between PAYNE and DIAZ.

80. Plaintiff, DIAZ, did not consent to and was not aware of any of these interceptions.

81. Plaintiff, did not give his implied consent or authorization, express or implied, to allow the interception of these oral communications.

82. The interception and recording of oral communications was Defendant, PAYNE's, conscious objective.

83. As a direct and proximate result of Defendant, PAYNE's, actions and conduct, Plaintiff, DIAZ, has suffered and will continue to suffer damages, including economic damages, reputation damages, and damage to his current and prospective business relations.

12

WHEREFORE, Plaintiff, JERMAINE DIAZ, respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant, for Plaintiff's actual damages but not less than liquidated damages computed at the rate of $100 a day for each date of violation, or $1,000.00, whichever is higher, pursuant to § 934.10(1)(b), *Fla. Stat.*, pre-judgment interest, costs including reasonable attorney's fees pursuant to § 934.10(1)(d), *Fla. Stat.*, and grant such further relief this Court deems just and proper.

## COUNT VII – TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP

84. This is an action for tortious interference with an advantageous business relationship against PAYNE.

85. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

86. Plaintiff, DIAZ, maintained advantageous business relationships with YouTube and Instagram.

87. Defendant, PAYNE, had and has knowledge of the advantageous business relationship.

88. Defendant, PAYNE, intentionally and unjustifiably interfered with the advantageous business relationship, by taking action to induce YouTube and Instagram to suspend Plaintiff, DIAZ's, YouTube and Instagram pages.

89. Plaintiff, DIAZ, has suffered damages as a result of PAYNE's tortious interference.

WHEREFORE, Plaintiff, JERMAINE DIAZ, respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant for all damages, award costs, and grant such further relief this Court deems just and proper.

**COMPLAINT PAGE - 130**

90.     This is an action for tortious interference with an advantageous business relationship against PAYNE.

91.     Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein

92.     Plaintiff, DIAZ, maintained advantageous business relationships with certain companies and entities which directly generated income each month for DIAZ through YouTube and Instagram.

93.     Defendant, PAYNE, had and has knowledge of these advantageous business relationships.

94.     Defendant, PAYNE, intentionally and unjustifiably interfered with the advantageous business relationships, by taking action to induce YouTube and Instagram to suspend Plaintiff, DIAZ's, YouTube and Instagram pages, and by continuing to make false and defamatory statements about DIAZ, thereby causing certain companies and entities to discontinue business with DIAZ.

95.     Defendant, PAYNE's, intentional and unjustified interference with DIAZ's advantageous business relationships include, but are not limited to the publication of the aforementioned YouTube videos, and the following additional videos published to YouTube:



a)

b)                                                                    and

c)

96.     Plaintiff, DIAZ, has suffered damages as a result of PAYNE's tortious interference, but such damages are incalculable and therefore, DIAZ has an inadequate remedy at law.

WHEREFORE, Plaintiff, JERMAINE DIAZ, respectfully requests this Court enter a preliminary and permanent injunction in Plaintiff's favor and against Defendant enjoining Defendant from making any further false and defamatory statements in furtherance of Defnednat's tortious interference and alternatively, a judgment awarding Plaintiff damages, and costs, and grant such further relief this Court deems just and proper.

### COUNT IX – INJUNCTION FOR PROTECTION AGAINST CYBERSTALKING PURSUANT TO FLORIDA STATUTE 784.0485

97. This is a petition for an injunction against cyberstalking pursuant to Florida Statute 784.0485 against Payne.

98. Plaintiff, DIAZ, realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully restated herein.

99. Defendant, PAYNE, is a forty-three (43) year old African American male born ▮▮▮▮▮▮▮▮.

100. Defendant, PAYNE's, height, weight, eye color, and hair color is unknown.

101. Defendant, PAYNE, has cyberstalked Plaintiff, DIAZ, by engaging in a course of conduct to communicate, or cause to be communicated, words, images, or language by or through the use of electronic communication by publishing numerous false and defamatory videos directed to DIAZ as described in paragraphs 14 through 43, and paragraph 95, *supra*, thereby causing DIAZ substantial emotional distress and serving no legitimate person.

102. Plaintiff, DIAZ, seeks an injunction against cyberstalking against Defendant, PAYNE, which immediately restrains Defendant from committing any acts of cyberstalking,

15

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITON AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER THE PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**



Jermaine Carlos Diaz

WHEREFORE, Plaintiff, JERMAINE DIAZ, respectfully requests this Court enter an injunction against Defendant enjoining Defendant from cyberstalking pursuant to Chapter 784, Florida Statutes, and grant such further relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, JERMAINE DIAZ, demands a jury trial for all issues so triable herein.

### RESERVATION OF RIGHT TO AMEND

Plaintiff reserves his right to amend this Complaint to add claims, including, but not limited to, claims for punitive damages against Defendant, pursuant to Chapter 768, Florida Statutes.

Respectfully submitted this 28th day of June, 2019.

/s/ Eric P. LaRue II
Eric P. LaRue II, Esquire
Florida Bar No.: 97995
The LaRue Firm, PLLC
501 S. New York Avenue
Suite 230
Winter Park, FL 32789
Phone: 407-455-4779
eric@thelaruefirm.com
cindy@thelaruefirm.com
*Counsel for Plaintiff*

16