# EXHIBIT(4)

16

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE C. DIAZ,

CASE NO. 2019-CA-008025-O

      Plaintiff,

vs.

RAYON S. PAYNNE,

      Defendant.

_____/

## MOTION TO QUASH SUBPOENAS TO AT&T AND SPECTRUM

COMES NOW, non-parties, ERIC P. LARUE II and THE LARUE FIRM, PLLC, by and through the undersigned counsel and pursuant to Florida Rules of Civil Procedure 1.280(c) and 1.410, hereby file this Motion to Quash Subpoenas to AT&T, and states as follows:

1. The undersigned was previously the lawyer for Plaintiff, but has not represented Plaintiff for nearly five years. The undersigned was permitted to withdraw as counsel for Plaintiff in this case nearly five years ago—June 10, 2020.

2. Defendant, Rayon Payne, has filed a frivolous lawsuit against the undersigned, his law firm, and others in Orange County Case No. 2024-CA-007719-O (the "2024 Case"). A hearing on the undersigned's Motion to Dismiss the Amended Complaint With Prejudice in the 2024 Case is scheduled for Monday, January 13, 2025.

3. Importantly, in the 2024 Case, the Court also entered an order staying all discovery pending the Court's ruling on the Motion to Dismiss With Prejudice, thus precluding Payne from conducting discovery in that matter.

4. In an effort to circumvent the Court's order staying discovery in the 2024 Case, Payne resorted to serving subpoenas in this case directed to AT&T and Spectrum seeking the undersigned

1

**COMPLAINT PAGE - 135**

private information (knowing the undersigned is not a party to this litigation and would not receive notice of the issuance of the subpoenas).

5. The Spectrum Subpoena improperly seeks "internet traffic logs", among other things, for the undersigned's office address and the *undersigned's personal residence*.

6. The AT&T Subpoena seeks *all* of the undersigned's call records from June 1, 2020 to December 31, 2024 for the undersigned's office phone and *personal cell phone* and *all* text message metadata for the undersigned's office phone and *personal cell phone*, among other things.

7. Not only is there no basis to subpoena the production of documents relating to the undersigned's personal and private information from AT&T and Spectrum, the AT&T Subpoena also seeks attorney-client privilege communications because it seeks call records and text message information from the undersigned's office phone and personal cell phone over a 4-year period.

8. The records Payne seeks to obtain from the Spectrum and AT&T Subpoenas are wholly and completely irrelevant to this action and to the 2024 Case. Moreover, the document requests in the subpoenas are overly broad, seek to pierce the attorney-client privilege, and are intended purely to harass and intimidate the undersigned.

9. In Florida, a party has a right to privacy that protects cell phone data. *See Wharran v. Morgan*, 351 So. 3d 632, 636 (Fla. 2d DCA 2022) (citing *Antico v. Sindt Trucking, Inc.*, 148 So. 3d 163, 165 (Fla. 1st DCA 2014)); *see also Zawistowski v. Gibson*, 337 So. 3d 901, 904 (Fla. 2d DCA 2022) ("A finding of irreparable harm not curable on appeal is justified when an opposing party to a lawsuit seeks medical or other records implicating one's constitutional right to privacy.").

10. Although the Florida discovery rules are liberal, the Florida Constitution contains an express right to privacy that is much broader in scope than that of the Federal Constitution. *See*

**COMPLAINT PAGE - 136**

*Wharran v. Morgan* at 632. Indeed, Florida's right to privacy affords protection to personal financial information, medical records, and cell phone data. *Id.* (citations omitted).

11. Here, Payne seeks attorney-client privileged information, personal private information, and information and documentation which are wholly irrelevant.

12. In addition to being substantively defective, the Spectrum and AT&T Subpoenas are procedurally defective.

13. Knowing that he is prohibited from pursuing discovery in the 2024 Case, Payne resorted to attempting to issue the AT&T and Spectrum Subpoenas in this case, without notice to the undersigned, seeking the private and personal information of the undersigned. This is pure gamesmanship undertaken by Payne.

14. On December 23, 2024, the docket in this case reflects that Payne filed a notice of intent to issue a subpoena to Spectrum ,and on December 25, 2024, Payne filed a notice of intent to issue a subpoena to AT&T.

15. Yet, Payne did not wait the 10-day objection period to expire as required by Florida Rule of Civil Procedure 1.351 before obtaining the issuance of the subpoenas. Instead, Payne obtained the issuance of the subpoenas the very next day—on December 26, 2024. For this reason alone, the subpoenas are defective because they were issued in clear violation of Florida Rule of Civil Procedure 1.351, and therefore, must be quashed.

16. In sum, Payne has demonstrated a complete disregard for the Florida Rules of Civil Procedure and the Court's authority by issuing the Spectrum and AT&T Subpoenas. The subpoenas must be quashed, and Payne should be sanctioned for engaging in frivolous litigation.

## RULE 1.202 CERTIFICATE OF CONFERRAL

I certify that prior to filing this motion, I discussed the relief requested in this motion by email on January 12, 2025, with the opposing party, Rayon Payne. who has not yet responded to the email at the time of filing this motion.

Respectfully submitted on January 13, 2025.

/s/ Eric P. LaRue II
Eric P. LaRue II, Esquire
Florida Bar No.: 97995
Cristian A. Cantillana, Esquire
Florida Bar No.: 1038538
The LaRue Firm, PLLC
558 W. New England Avenue
Suite 210
Winter Park, FL 32789
Phone: 407-455-4779
eric@thelaruefirm.com
cristian@thelaruefirm.com
dana@thelaruefirm.com
addison@thelaruefirm.com
eservice@thelaruefirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and furnished to all parties appearing on the e-file list on this 13th day of January, 2025.

/s/ Eric P. LaRue II
Eric P. LaRue II, Esquire

4