UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYON PAYNE,

    Plaintiff,

v.

JERMAINE CARLOS DIAZ, ERIC LARUE, THE LARUE FIRM, PLLC, ANDREW IRVIN, PAUL IRVIN, and IRVIN & IRVIN PLLC,

    Defendants.
_____/

Case No: 6:25-cv-106-JSS-DCI

# ORDER

Plaintiff Rayon Payne filed this action for damages and injunctive relief against Defendants Jermaine Carlos Diaz, Eric LaRue, The LaRue Firm, PLLC, Andrew Irvin, Paul Irvin, and Irvin & Irvin PLLC. (Dkt. 1.) Plaintiff invokes this court's jurisdiction based on its diversity jurisdiction and asserts six causes of action against Defendants: Count One – abuse of process, Count Two – civil conspiracy, Count Three – per se defamation, Count Four – fraud upon the court, Count Five – tortious interference with business relationship, and Count Six – negligent supervision against the corporate entity Defendants only. (*Id.* ¶¶ 19–55.) Plaintiff asserts that jurisdiction is proper in this court because "there is complete diversity of citizenship between the parties, and the amount in controversy exceeds 75,000, exclusive of interests and costs." (*Id.* ¶ 7.)

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994)). As a court of limited jurisdiction, the court must "scrupulously confine [its] own jurisdiction to the precise limits which the statute has defined." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) (quoting *Healy v. Ratta,* 292 U.S. 263, 270 (1934)). A district court's jurisdiction based on diversity exists where the amount in controversy exceeds $75,000 and there is complete diversity between all plaintiffs and all defendants in the action. 28 U.S.C. § 1332(a); *see Osting-Schwinn*, 613 F.3d at 1085 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). The party seeking to invoke the court's jurisdiction "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Osting-Schwinn*, 613 F.3d at 1085–86 (citing Fed. R. Civ. P. 8(a)(1); *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). Thus, the complaint's allegations must establish diversity jurisdiction, including the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If a court lacks jurisdiction, its "only remaining function is to answer that [it] lack[s] jurisdiction and dismiss the cause." *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) (citing *United States v. Amodeo*, 916 F.3d 967, 970 (11th Cir. 2019)).

Based on the allegations in the Complaint, Plaintiff fails to meet his burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *Osting-Schwinn*, 613 F.3d at 1085–86. A review of the Complaint shows that Plaintiff alleges he "is a resident of Orlando, Florida." (*Id.* ¶ 12.) Defendants Eric LaRue, Andrew Irvin, and Paul Irvin are attorneys licensed to practice in Florida. (*Id.* ¶¶ 14, 16–17.) The law firm Defendants are located in Florida and are owned and operated by Defendants Eric LaRue and Andrew and Paul Irvin, respectively. (*Id.* ¶¶ 15, 18.) Florida's Division of Corporations corporation registration record for Defendant The LaRue Firm further indicates the lack of diversity jurisdiction between the parties.[1] For purposes of diversity jurisdiction, a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The LaRue Firm's registered agent is Defendant Eric LaRue.[2] He is the sole member and manager of a law firm, and he resides in Winter Park, Florida.[3] Therefore, this matter is due to be dismissed for lack of subject

---

[1] The court takes judicial notice of the law firm Defendant's corporation registration information. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (explaining that a district court may take judicial notice of public records).

[2] *Detail by Entity Name of The LaRue Firm, PLLC,* Division of Corporations, an official State of Florida Website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=LARUEFIRM%20L160001438760&aggregateId=flal-l16000143876-91900cad-7cf9-4e54-a674-b44e18f6274a&searchTerm=The%20Larue%20Firm&listNameOrder=LARUEFIRM%20L160001438760. (last visited Jan. 27, 2025).

[3] *Id.*

matter jurisdiction because there is not complete diversity between Plaintiff and all Defendants in this action.

Accordingly:

1. This matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close this case.

**ORDERED** in Orlando, Florida, on January 28, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Rayon Payne
8815 Conroy Windermere Rd.
Suite 208
Orlando, FL 32835